SCHULTZ vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

RAILROADS. *(1–3) Liability of company to its employee, for personal injuries: Negligence: Court and jury.*
ACQUITTANCE: EVIDENCE. *When one signing acquittance not bound.*

1. One who engages in the service of a railroad company, takes upon himself the necessary and usual risks of the service, and is bound to exercise that degree of caution which persons of ordinary prudence would use under the same known conditions of danger.

2. Where a railroad employee, engaged in removing ashes, etc., from a side track in depot grounds, was injured by a train set off upon said track: *Held*, in an action against the railroad company for the injury, that plaintiff had a right to act upon the belief that such train would be operated and run through the grounds as other trains had been uniformly operated and run there; and where there was proof that the bell was usually rung before starting a train at that place, and no proof that trains were run there habitually at an unlawful speed, and there was evidence tending to show that the train in question was run at an unlawful speed, and without ringing the bell at starting or giving the plaintiff other warning, the question of defendant's negligence was for the jury.

3. Where plaintiff was compelled to act at once in the presence of imminent danger, he can not be held guilty of contributory negligence as a matter of law, merely because he did not choose *the best means* of escape from the danger.

4. One who signs a discharge or acquittance without knowing its contents or intending to sign such an instrument, is not bound by it.

APPEAL from the Circuit Court for *Dane* County.
Action for personal injuries received by the plaintiff while

in the service of the defendant company as a laborer on its depot grounds in the city of Madison, and under the circumstances hereinafter stated. The pleadings present the questions whether plaintiff's injuries were caused by the negligence of the other employees of the defendant, and whether plaintiff was guilty of negligence which contributed thereto.

The following facts are established by the pleadings and the undisputed evidence given on the trial: The main track of the defendant's railway runs in a northerly course through such depot grounds, within a few feet of a coal house standing on the west side of the track. A side track extends from the main track and west of it, the west rail of which is about three feet from the coal house. The switch block, where this track connects with the main track, is about twenty-five feet north of the coal house. The side track diverges from the main track at a point nearly opposite the south side of the coal house. Blount street, one of the traveled streets of the city of Madison, crosses the main track of the railway five or six rods north of the coal house.

The plaintiff, with one McCarthy, was engaged in removing ashes and cinders from the tracks opposite the coal house, by direction of the proper agent of the defendant, when a train of cars passed north on the main track and stopped north of Blount street. The engine backed some of the cars on another side track, which passes in the rear or west of the coal house to the freight depot, and then ran thirty or forty rods up the main track, or north, to a water-tank. In the meantime, the yard master opened the switch to connect the side track, on which plaintiff was at work, with the main track, and pulled the pin so as to disconnect the three rear cars from the balance of the train — the purpose being to throw those cars on the side track. The engine then backed the cars on the side track, giving them sufficient momentum to take them to the desired point beyond the coal house, but the engine did not leave the main track. Plaintiff saw the cars approaching and informed

McCarthy, and both stepped off the west side of the side track — McCarthy at the corner of the building, and plaintiff about midway between the corner and an open door, or space, in the side of the building, and at a point four or five feet distant from each. McCarthy passed the corner of the building, and was not injured. The plaintiff stood erect against the building, and two box cars passed him without injuring him. But the steps on the outside of the third car (also a box car) struck him and pressed him along to the door or opening just mentioned, into which he fell, and the car cleared him. His collar bone was broken, and he received other injuries, from which he had not recovered at the time of the trial — a year or more later.

It was the usual practice, when switching on these depot grounds, to ring the bell before starting the engine. The yard master testified that, during two years' service in that position, he was not aware that an engine had been moved without the bell having been rung.

The answer alleges an accord and satisfaction of the plaintiff's claim for damages; and, to prove the allegation, counsel for the defendant read in evidence a receipt for $32.50, which purports on its face to be a full discharge and acquittance of the defendant from all liability for the injuries complained of. The plaintiff testified that he did not know the contents of the instrument when he signed it, and would not have signed it had he known the nature of it. He substantially denies that he ever settled with the defendant, and says that he supposed the money he received was to pay him for the time he was laid up with his wounds. After the answer was served, the money was tendered to the defendant's attorneys.

The court denied a motion for a nonsuit made at the close of the plaintiff's testimony, and a like motion made when the proofs were all in, and also refused to direct the jury to find for the defendant. Counsel for the defendant demanded that

a special verdict be rendered, and the court submitted certain specific questions of fact to the jury, which are contained in the verdict. Further reference to the charge of the court will be found in the opinion.

The verdict is as follows:

" 1. Q. Do you find that the plaintiff was injured while in the employment of the defendant company, by being pressed between the cars and the coal house?

" A. Yes.

" 2. Q. If you so find, was the injury caused by negligence or want of ordinary care upon the part of the employees of the defendant company having charge of the cars causing the injury?

" A. Yes.

" 3. Q. Was the bell upon the engine which threw the cars upon the side track, rung at or near the highway crossing, or while passing up and down the track?

" A. No.

" 4. Q. If you find it was not, did the fact that it was not rung contribute to the accident?

" A. Yes.

" 5. Q. Was any other warning that the switch had been turned, and the cars about to be run down on the side track past the coal house, given in such a manner as to have attracted the notice of a person situated as the plaintiff was, and exercising ordinary care?

" A. No.

" 6. Q. If you say ' No ' to last question, did the rule of ordinary caution and prudence require that such warning should have been given, so as to have attracted the notice of the plaintiff?

" A. Yes.

" 7. Q. Were the cars moving at the time complained of at more than six miles an hour?

" A. Yes.

" 8. Q. Was the plaintiff himself in the exercise of ordinary care and prudence?

" A. Yes.

" 10. Q. Did the plaintiff sign the paper in evidence knowing it was a full discharge and a receipt in full for damage caused by the injury?

" A. No.

" 11. Q. If you find for the plaintiff, at what sum do you assess his damages?

" A. Five hundred dollars.

" In addition to the above, we find generally for plaintiff."

A motion on the minutes for a new trial was denied, and judgment was entered for the plaintiff for $500, pursuant to the verdict, and for costs. The defendant appealed from the judgment.

Briefs were filed, by *Smith & Lamb* for the appellant, and by *Burr W. Jones* for the respondent; and there was oral argument by *Mr. Smith* for the appellant, and *Mr. Jones* for the respondent.

LYON, J. The motions for a nonsuit, and the request that the jury be directed to find for the defendant, were founded on the assumption that the evidence proved conclusively, either that the injuries complained of were not the result of any negligence of the defendant's employees operating the train, or that the plaintiff was guilty of some want of care which contributed proximately to such injuries. If there was sufficient evidence in the case to send these propositions of fact to the jury — that is, if it tended to show such negligence of the defendant's employees, or if it did not show conclusively such contributory negligence of the plaintiff, — the motions and request were properly denied.

The plaintiff had been in the service of the defendant for a year or more when he was injured, and was familiar with the

manner in which trains were run and switching was done on the depot grounds where he was employed. By engaging in the service of the defendant, he took upon himself the necessary and usual risks of that service. *Strahlendorf v. Rosenthal*, 30 Wis., 374. He was only required to exercise ordinary care to avoid injury, but this requirement could only be complied with by the exercise of that degree of caution which persons of ordinary prudence would use under the same conditions of danger and with like knowledge of the perils of the situation. *Read v. Morse*, 34 id., 315.

It must be conceded, we think, that the plaintiff had the right to act upon the belief that the train which injured him would be operated and run through the depot grounds as other trains had been uniformly operated and run there. There is no proof that trains were run there habitually, or at all, in violation of the statute. Laws of 1872, ch. 119, sec. 43. The presumption is, therefore, that they were not; for, in the absence of proof to the contrary, it must be presumed that the defendant obeyed the law. It is in proof that the bell was usually rung before starting an engine or train. Indeed, no exception to that practice was proved, unless the starting of the train which injured the plaintiff is an exception. Hence, the plaintiff had the right, without being chargeable with negligence, to act on the presumption that the bell of the engine would be rung before the cars were moved, and also before crossing Blount street, and that the cars would not be propelled on the side track, where he was at work, faster than at the rate of six miles per hour.

We find nothing in the Illinois cases cited by the learned counsel for the defendant, and relied upon to reverse this judgment, in conflict with the foregoing views. *Chicago & N. W. R'y Co. v. Sweeney*, 52 Ill., 325; *Chicago & N. W. R'y Co. v. Donahue*, 75 id., 106. Applied to this case, the doctrine of the Illinois court is, that the plaintiff is chargeable with knowledge of the manner in which engines were

usually moved and switching done on the depot grounds where he was employed, and that, unless he exercised caution to avoid injury commensurate with the known and usual perils of the situation, he failed to exercise ordinary care. We find no fault with this doctrine.

We think that the instructions which the learned circuit judge gave the jury, are in entire harmony with the views above expressed.

The testimony tended to prove that no bell was rung or other signal or notice given of the moving of the engine when it backed across Blount street to throw the cars upon the side track; that the cars were propelled across the street and past the coal house at a greater rate of speed than six miles per hour; that the plaintiff did not know that the switch had been opened to throw cars on the side track, or that the cars were in motion, until the rear of the train was very near him; and that he had barely sufficient time to get off the track before the rear car passed the point he had just left.

The evidence is sufficient to support the findings of the jury that the bell upon the engine was not rung at or near the street crossing, or when the train was passing along the track, and no other warning was given the plaintiff that cars were about to be run upon the side track where he was at work; and that the cars were moving faster than at the rate of six miles per hour. These acts and omissions render the defendant chargeable with negligence; and there is abundant testimony to support the finding that such negligence was the cause of the injury to the plaintiff.

It is probably true that had the plaintiff gone upon the east side of the track, or into the open space in the side of the coal house, he would have escaped injury. But it cannot be held that he was absolutely guilty of negligence because he failed to take one of these methods of escape. He was acting on short notice in the presence of imminent danger. He had no

time to calculate chances, or to deliberate upon the means of escape. He was compelled to act at once, and it would be most absurd and unjust to hold him negligent because the instinct of self-preservation did not suggest the most effectual method of escape from the peril. The jury might well find (as they did) that he was not negligent merely because there was a better way of escape than that which he chose.

Upon the whole case we are clearly of the opinion that the questions of the alleged negligence, both of the defendant and the plaintiff, were properly submitted to the jury, and that the evidence supports the findings of the jury in respect thereto. The same observations apply also to the question of accord and satisfaction. If the plaintiff signed the alleged discharge or acquittance without knowing its contents and without intending to sign such an instrument, he is not bound by it. *Butler v. The Regents*, 32 Wis., 124. The evidence tends to prove that he signed the instrument under those circumstances, and sustains the finding in that behalf.

The specific questions submitted to the jury include all of the material questions of fact in the case which were controverted on the trial, and upon which there is any conflict in the testimony; and the findings thereon, with the facts conclusively established, fully sustain the general verdict for the plaintiff.

Some criticism of the charge of the judge is contained in the brief of counsel. It is said that he did not give sufficient prominence to the fact that the plaintiff was an employee of the defendant; and also that he failed to comment upon the further fact that certain charges in the complaint, of specific acts and omissions of the defendant constituting negligence, were wholly unproved. The judgment cannot be disturbed on such grounds. If the charge was defective, the judge should have been asked to give specific instructions so drawn as to supply the defects.

We think the record discloses no error, and we must, therefore, affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.