[No. 12651.   In Bank.—February 2, 1889.]

F. A. WENZEL, APPELLANT, v. H. C. SHULZ ET AL., RESPONDENTS.

PROMISSORY NOTE—ACTUAL FRAUD IN OBTAINING—FALSE REPRESENTATIONS AS TO CONTENTS.—A promissory note which the maker is induced to execute by reason of false statements by the payee as to its contents, made with intent to mislead him, and to prevent him from making an examination of its provisions, may be avoided on the ground of fraud, notwithstanding the fact that the maker of the note might have discovered its actual provisions had he exercised a higher degree of care and diligence at the time of its execution.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The action was brought on a promissory note. The answer denied that there was anything due the plaintiff on the note, and in a separate count set up that the same was procured by the fraud of the plaintiff. The acts and representations of the plaintiff, constituting the fraud, were alleged in detail, and were substantially the same as those found by the court, which are recited in the opinion. The further facts are stated in the opinion of the court.

*F. D. & G. W. Nicol*, for Appellant.

The denial of indebtedness on the note was of a mere conclusion of law and raised no issue. (*Doyle* v. *Phœnix Ins. Co.*, 44 Cal. 267; *Roberts* v. *Treadwell*, 50 Cal. 521.)

The facts alleged in the answer do not constitute a defense, as it does not appear therefrom that any relation of especial trust or confidence existed between the parties, or that defendants did not have full and equal opportunity with plaintiff to acquire knowledge of the contents of the note. (*Lefler* v. *Field,* 52 N. Y. 621; *Hawkins* v. *Hawkins,* 50 Cal. 560; *Jenkins* v. *Long,* 19 Ind. 28; 81 Am. Dec. 374; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 123; *Oroville & C. R. R.* v. *Supervisors,* 37 Cal. 354; *Kent* v. *Snyder,* 30 Cal. 666; *Fankboner* v. *Fankboner,* 20 Ind. 62; *Ham* v. *Greve,* 34 Ind. 344.)

*I. M. Kalloch, P. Reddy, W. H. Metson,* and *F. W. Street,* for Respondents.

The facts alleged in the answer show that the note was procured by fraud. (*Anderson* v. *Field,* 6 Brad. 307; *Gibbs* v. *Linabury,* 22 Mich. 478; 7 Am. Rep. 675; *Anderson* v. *Walter,* 34 Mich. 113; 2 Pomeroy's Eq. Jur., sec. 895; Civ. Code, sec. 1572; *Burroughs* v. *Pacific Guano Co.,* 81 Ala. 255; *Goetter* v. *Pickett,* 61 Ala. 387; *Dawson* v. *Burrus,* 73 Ala. 111; *Foster* v. *Johnson,* 70 Ala. 251; *Davis* v. *Snider,* 70 Ala. 317; *Johnson* v. *Cook,* 73 Ala. 537; *Brooks* v. *Matthews,* 78 Ga. 739; *Cole* v. *Williams,* 12 Neb. 440; *Warden* v. *Reiser,* 38 Kan. 86; *Chatham* v. *Jones,* 69 Tex. 744; *Bank of Woodland* v. *Hyatt,* 58 Cal. 234; *Stimson* v. *Heeps,* 9 Col. 33; *Met. Loan Ass'n* v. *Esche,* 75 Cal. 513.)

PATERSON, J. — On January 26, 1888, plaintiff and defendant, H. C. Shulz, who had prior and up to that time been engaged jointly in certain mining enterprises, met and adjusted their accounts. Plaintiff asserted that the sum of $3,920.67 was due to him, and wanted a note payable one day after date. Defendants were unwilling to give a note payable in so short a time, but, relying on his statement, executed and delivered to him their promissory note for the sum claimed, payable in six months

after date.  Immediately thereafter the plaintiff took this note to an attorney to see what could be done to secure the payment thereof, and was informed that nothing could be done to secure its payment, as it was not payable until six months after date.  Two days later plaintiff went to the residence of defendants and stated to them that he had made a mistake in computing the amount due from them; that the note called for $50 more than he was entitled to, and he presented to them a new note, which he said was for $3,870.67, but he said that in all other respects it was the same as the note delivered on the twenty-sixth instant.  Defendant H. C. suggested that a payment of fifty dollars be indorsed on the original note, but plaintiff insisted upon a new note.  The defendant Mary,—wife of H. C.,—who was busy with her household affairs, requested the plaintiff to leave the note with her for a few hours that she might read it before signing it.  The court finds "that neither of the defendants knew whether a mistake had been made in the note of January 26th, or not; that the defendant H. C. Shulz was not able to read the said new note, and that the defendant Mary Shulz had bread baking, and told the plaintiff that she had not a moment's time, and asked him to leave the note with her for a couple of hours, until she had time to read and sign it; that the plaintiff insisted upon an immediate execution of the note, and *repeatedly declared to the defendants that it was just the same as the other note, excepting the difference of fifty dollars in its principal sum, and showed defendant Mary Shulz the difference in the principal sum;* that the defendants thereupon, by reason of their confidence in plaintiff, and their belief of the truthfulness of his assertions, signed the said new note and delivered it to plaintiff; that, contrary to plaintiff's declaration, the said new note had been by him made payable one day after its date; . . . . that the plaintiff's statements and representations to defendants were false and fraudulent, and were knowingly and

purposely made by plaintiff for the purpose of misleading and deceiving defendants into the execution and delivery of the note sued upon in this action, and that said misrepresentations and statements misled the defendants into the execution and delivery thereof to plaintiff.

"That the defendants . . . . demanded from plaintiff ' the surrender to them of said note, and tendered to plaintiff in lieu thereof their promissory note for the sum of $3,870.67, bearing date January 26, 1888, and made payable six months after date. . . . . That the plaintiff refuses, and has ever since continued to refuse, to surrender the note executed by defendants on January 28th, and has ever since continued to reject the defendants' tender."

Upon these facts, judgment was entered for defendants.

The facts found by the court are supported by the evidence, and we think the judgment is right. Plaintiff had been for ten years a partner of H. C., had lived in defendants' family five years, and had gained their friendship and confidence. Defendant H. C., who was suffering from cataract of the eye, could not read the note written by plaintiff; his wife was busy; both signed the note, relying on the positive and repeated assurance of plaintiff that the note was in all respects the same as the original, except as to the amount named therein.

Appellant whistles these facts down the wind, saying that "it does not appear therefrom that any relation of especial trust or confidence existed between the parties, or that defendants did not have full and equal opportunity with plaintiff to acquire knowledge of the contents of the note," etc. But the court finds, upon ample evidence, that the plaintiff intended to deceive defendants, and that they were in fact deceived by his statements as to the contents of the note.

Where a party is induced to sign an instrument by false statements as to its contents, made with intent to mislead him, and to prevent him from making an ex-

amination of its provisions, it is no answer to say that a higher degree of care and diligence would have enabled him to escape its effect. (*Gibbs* v. *Linabury*, 22 Mich. 478; 7 Am. Rep. 675; *Anderson* v. *Walter*, 34 Mich. 113; *Anderson* v. *Field*, 6 Brad. 307; 2 Pomeroy's Eq. Jur., sec. 895; *Burroughs* v. *Guano Co.*, 81 Ala. 255; *Cole* v. *Williams*, 12 Neb. 440; *Met. Loan Ass'n* v. *Esche*, 75 Cal. 513; Civ. Code, secs. 1571, 1572.)

Defendants in their answer and at the trial tendered to plaintiff a note which in form was the same as the note plaintiff represented to them they were signing on January 28, 1888. This was more than the law required of them. (1 Daniel on Negotiable Instruments, secs. 193, 848.)

The answer of defendants contains a full and complete defense. (*Capuro* v. *Builders' Ins. Co.*, 39 Cal. 125.) At the trial, no objection was made that the testimony offered by defendants was not within the issues.

Judgment and order affirmed.

THORNTON, J., BEATTY, C. J., WORKS, J., McFARLAND, J., and SHARPSTEIN, J., concurred.