SMITH v. McDONALD.

1. FRAUD—PLEADING.
    A notice of special defense setting up in detail a representation of plaintiff, charging that it was false and fraudulent, and was intended to and did deceive defendant, sufficiently avers fraud.

2. SAME.
    A further averment that plaintiff and certain named associates had procured the organization of a corporation for the pretended purpose of manufacturing medicine, and that the stock issued by the corporation was of no value, sufficiently averred organization of the corporation as a step in the scheme of fraud, although it did not, in precise language, charge fraud in such organization.

3. APPEAL AND ERROR—QUESTIONS CONSIDERED.
    Questions not raised in the lower court will not be considered on error.

4. FRAUD—EVIDENCE—SUFFICIENCY—INSTRUCTIONS.
    A request that it would take "the same amount of proof" to establish plaintiff's complicity in the fraud alleged as it would to establish the fraud against plaintiff alone was properly refused, and a charge that defendant must establish plaintiff's complicity in the fraud by a preponderance of the testimony was properly given in lieu thereof.
    139 Mich.—15.

139   225
139  ³512
139   225
148  ⁷394
139   225
f152  ⁷180

5. Same—Waiver—Instructions.

A request to charge that defendant waived fraud if he gave the. note in suit after he "believed" he had been defrauded does not present the question of the entertainment of a settled conviction by defendant that he had been defrauded, but to raise such question the request should have used the word "knew" instead of "believed."

6. Same.

A request to charge, in effect, that defendant could not complain of a fraud, if, at the time he executed the note, he entertained a settled conviction that he had been defrauded, is satisfied by a charge to the effect that, if defendant knew, when he signed the note, that he had been defrauded, plaintiff could recover.

7. Same—Diligence—Party Defrauded.

The defense of fraud is not defeated by the fact that the party defrauded should, in the exercise of ordinary diligence, have known of the fraud when he entered into the fraudulent transaction complained of by him.

Error to Hillsdale; Lockwood, J., presiding. Submitted January 12, 1905. (Docket No. 48.) Decided February 28, 1905.

Assumpsit by George N. Smith against John P. McDonald and Mary McDonald on a promissory note. There was judgment for defendants, and plaintiff brings error. Affirmed.

*F. M. Hall* and *F. A. Lyon,* for appellant.

*Frankhauser & Cornell (Grant Fellows,* of counsel), for appellees.

Carpenter, J. Plaintiff and the first-named defendant were the principal parties in the preceding case. *McDonald* v. *Smith,* ante, 211. The controversy in this suit arises out of the alleged scheme of fraud described in that case. In the final alleged fraudulent transaction defendant incurred an obligation of $550. To secure its payment he gave on May 14, 1900, two notes, one of $300 and one of $250. October 6, 1900, he took up these notes,

received credit of $90, and gave one note of $460, executed by himself and his mother, his codefendant, Mary McDonald. This note was subsequently transferred to plaintiff, and is the subject-matter of this suit.

Defendants claimed that plaintiff's participation in the scheme of fraud described in the preceding suit prevented his recovery on this note. The evidence to prove this charge does not differ materially from that introduced in the preceding case. This issue was submitted to a jury, who rendered a verdict for defendants. Nearly all the questions discussed in this case were considered and decided adversely to appellant in the preceding case. Those questions we will not consider. We proceed, however, to consider certain questions not raised in that case.

It is contended that the notice of special defense attached to defendants' plea of the general issue did not warrant the introduction of any testimony tending to prove fraud. We sufficiently answer this contention by saying that the notice sets up in detail the representation of plaintiff that he had investigated the stock and was willing to buy it at $150 per share. It charges this representation and offer to be false and fraudulent, and avers that it was intended to deceive defendant and did result in his deception. According to our former opinion, this was a sufficient averment of fraud to warrant the introduction of testimony.

It is also contended that the averments in the notice were not sufficient to warrant the introduction of testimony tending to prove fraud in the formation of the corporation for the manufacture of the hog cholera medicine. It is true that the notice did not in precise language charge fraud in the organization of such company. It did, however, aver that plaintiff and certain named associates had procured its organization "for the pretended purpose of manufacturing the hog cholera medicine," and that the stock issued by said corporation was of "no value." We think under our decisions (see *Briesenmeister* v. *Knights of Pythias*, 81 Mich. 525; *Farmers' Mut. Fire-Ins. Co.*

v. *Crampton*, 43 Mich. 421; *Cresinger* v. *Reed*, 25 Mich. 450) this sufficiently informed plaintiff that defendant claimed that the organization of the corporation was a step in the scheme of fraud.

Plaintiff's counsel insist the defendant could not complain of the fraud because he had not returned or tendered the certificates of stock which he was fraudulently induced to acquire. We are referred to no assignment of error, and we can find none, which shows that this point was raised in the lower court. We therefore decline to consider it.

The trial court did not err in refusing to give the following request preferred by plaintiff:

"It takes the same amount of proof to establish the complicity of this plaintiff in the fraud practiced by Cummins and Gunn that it would to establish fraud against him if he were alone charged with fraud."

To be informed that it took the same "amount of proof" to establish plaintiff's complicity in the fraud as it would to establish fraud against him would not have aided the jury, since it cannot be presumed that they knew what amount of proof was necessary to establish the latter charge. The trial court adopted the proper practice when he refused this request, and told the jury in effect that defendant must establish plaintiff's complicity in the fraud by a preponderance of the testimony.

Complaint is made because the court refused to give the jury the following request preferred by plaintiff:

"That if the note in question was given by the defendant after he believed he had been defrauded he thereby waived such fraud, and he cannot now urge such fraud in defense of this action."

It appears from the testimony that when the first-named defendant signed the note he knew that some of the fraudulent representations were false, but he still believed others, and the most material of them, to be true. He testifies that when he gave the note he "still had confidence in the B-T" (the corporation to manufacture the

medicine). If by the request under consideration plaintiff intended to have the jury instructed that the first-named defendant could not complain if at the time the note was executed he entertained a settled conviction that he had been defrauded, he should have used the word "knew" instead of "believed," and, if so, he cannot complain because the trial court charged, in effect (in accordance with our decisions, *Craig* v. *Bradley*, 26 Mich. 369; *Dailey* v. *King*, 79 Mich. 568; *Western Electric Co.* v. *Hart*, 103 Mich., at page 482), that if defendant when he signed the note *knew* that he had been defrauded plaintiff should recover.

But this was not the thought that plaintiff designed to convey to the jury by the request. His thought is made clear by his contention that one who "has notice of such facts as by the exercise of ordinary diligence and prudence he should have known of the fraud, then· he is presumed to have knowledge of such fraud, and must exercise the same degree of diligence as though he had actual knowledge." This contention assumes that the defrauded party owes to the party who defrauded him a duty to use diligence to discover the fraud. There is no such obligation. One who perpetrates a fraud cannot complain because his victim continues to have a confidence which a more vigilant person would not have.

The rule contended for by plaintiff, which requires the same diligence from all persons, has no application to cases of fraud. If it had, the very persons, viz., the credulous and unwary, who are the usual victims of fraud, would be at a disadvantage, and would often be denied redress.

We do not think it necessary to consider any other complaint in plaintiff's brief.

Judgment is affirmed, with costs.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.