2962. THOMASON & SON *v.* GOLDMAN & CO.

HILL, C. J. 1. Where one has been induced to sign a written contract by false and fraudulent representations as to its contents, made by the opposite party with intent to deceive and which did deceive .him, he may set up this fraud as a defense to a suit on notes based upon the contract thus obtained; and this is especially true where, in addition to the false and fraudulent representations as to the contents of the con-' tract, the conduct and representations of the party who made them relieve the opposite party from the imputation of negligence in signing the contract without first reading it. *Wood* v. *Cincinnati Safe & Lock Co.,* 96 *Ga.* 120 (22 S. E. 909); *McBride* v. *Publishing Co.,* 102 *Ga.* 442 (30 S. E. 999); *Angier* v. *Brewster,* 69 *Ga.* 362; *Marietta Fertilizer Co.* v. *Beckwith,* 4 *Ga. App.* 245 (61 S. E. 149).

2. The ruling above announced does not contravene the well-established rule that parol evidence will not be admitted to add to, take from, or vary the terms of a valid written agreement; for the purpose of the parol evidence admissible under the ruling is to disprove the existence of the contract, and not to contradict it.

3. A plea alleging a state of facts substantially as stated above constituted a good defense, if proved, to the notes based on the contract so procured, and the court erred in not allowing it.          *Judgment reversed.*

DECIDED JUNE 7, 1911.

Complaint; from city court of Bainbridge—Judge Cranford presiding. September 15, 1910.

*R. G. Hartsfield,* for plaintiffs in error. *J. R. Wilson,* contra.