GEO. O. RICHARDSON MACHINERY CO v. DUNCAN et al.

No. 3851.   Opinion Filed April 13, 1915.

(148 Pac. 80.)

1.   **CONTRACTS—Fraud—Pleadings and Proof.** Where a person is sued on a written contract, and alleges it was obtained by fraud and deceit, and that the contract does not contain the oral agreement which was to be incorporated into the contract, and that he was induced to sign the contract without reading it by the fraud, deceit, and false representation of the other party,

that it, in fact, did contain all their oral agreements, he is entitled to submit his evidence in support of his allegations.

2.   SALES—Contract—Procurement by Fraud—Question for Jury. As to whether a contract was obtained by fraud and deceit, and the maker was induced to sign it without reading it, by reason of false representation, artifice, or trick of the opposite party, is a question of fact to be submitted to and determined by the jury, under all the facts and circumstances of the case.
(Syllabus by Brett, C.)

*Error from District Court, Tillman County;*

*Frank Matthews, Judge.*

Action by the George O. Richardson Machinery Company, a corporation, against J. T. Duncan and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*R. N. McConnell,* for plaintiff in error.

*H. P. McGuire* and *John E. Williams,* for defendants in error.

BRETT, C. This is a suit brought by the plaintiff in error, who was plaintiff below, against the defendants in error, who were defendants below, and for convenience will hereafter be designated as plaintiff and defendants, for damages on account of an alleged breach of contract. The defendants entered into a written contract with the plaintiff on May 3, 1911, for the purchase of a threshing machine, and one of the conditions of the contract was that the defendants should pay all freight charges on the machinery from the factory for its return thereto and 10 per cent. of the purchase price in case they should cancel the order or decline to accept the machinery when delivered. And there was also a condition that, in case suit was brought to enforce the contract, they should pay all attorney fees. The machinery was shipped to the defendants, who refused to accept it, and this action is brought to recover the freight charges specified in the contract and 10 per cent. of the purchase price of the machinery and attorney fees.

As a defense to the action, the defendants admit signing the contract, but plead that they had a parol agreement with the plaintiff and its agent, J. M. Benningfield, that they might have the right and could reserve the privilege of countermanding the order contained in said contract and thereby rescind the same upon any date prior to the 15th day of May, 1911,. and that it was agreed that the right to countermand said order and to rescind the contract should be incorporated into and become a part of the written contract; that the contract was drawn up by plaintiff's agent, Benningfield, and, before signing it, defendants requested Benningfield to read the contract or permit them to read it, but Benningfield insisted that it was late, and he was crowded for time, and the contract was long and tedious to read, and that it contained all the conditions and promises agreed upon by plaintiff and defendants, and especially assured them that it contained the stipulation reserving to the defendants the full right to countermand the order and rescind the contract at any time prior to May 15, 1911, by giving notice to the plaintiff or its agents; that they believed and relied upon the statement of Benningfield that the contract did in fact contain said stipulation and signed the contract without knowing that said stipulation was not in it, and would not have signed the contract without reading it, had they not been induced by the statements and assurance of Benningfield to believe that this stipulation was in said contract; that the defendants notified plaintiff prior to May 15, 1911, that they elected to countermand the order contained in said contract and to rescind same, and that plaintiff should not ship said machinery—and were thereupon notified by plaintiff that the contract did not contain any stipulation reserving the right to countermand, and ignored their notice and shipped the machinery, and alleges that their signatures were obtained by fraud, misrepresentation, and deception on the part of the plaintiff and its agent.

The issues were submitted to a jury, which found against the

plaintiff, and judgment was rendered in favor of the defendants and against the plaintiff, from which judgment an appeal has been perfected to this court.

The plaintiff insists upon four assignments of error, which we will note in their order.

1.   The first assignment is:

"The court erred in overruling plaintiff's demurrer to the second paragraph or division of defendant's answer, and erred in overruling plaintiff's objection to the introduction of evidence under this answer."

In this contention we think the learned counsel is in error. The answer states facts sufficient, in our judgment, to constitute a defense to the plaintiff's cause of action, and we think the court very properly overruled plaintiff's demurrer to the second paragraph of defendant's answer, and also its objection to the introduction of evidence under the answer. The allegations are clear and allege a state of facts which no court of justice should ignore, and states a legal defense to the plaintiff's cause of action. Counsel cites many authorities in support of his contention under this assignment, and we have examined them and find that some are not in point, but that those that are in point, instead of supporting his contention, directly and squarely oppose it.  He relies upon *McNinch v. Northwest Thresher Co.*, 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803, and *Guthrie & Western Ry. Co. v. Rhodes*, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490.  But there is a clear distinction between the facts pleaded in each of these cases and the case at bar.  In *McNinch v. Northwest Thresher Co.*, the court in the body of the opinion at page 393 of 23 Okla., at page 526 of 100 Pac. (138 Am. St. Rep. 803), says:

"There is no allegation in the answer stating that the defendant signed the written instrument in reliance upon or assurance from the plaintiff that it contained the true contract.

On the contrary, it appears that he signed the writing without any assurance from, or reliance upon, anybody, as to what it contained."

In this case the allegations are very different. Here the defendant alleged that they did sign the written contract in reliance upon the assurance of Benningfield that it did contain the true contract and all the conditions and promises agreed upon. And in *Guthrie & Western Ry. Co. v. Rhodes, supra,* the court uses the following language:

"There is no evidence that the party signing the same was incapable of reading, or that any artifice or deceit was practiced upon him to prevent his reading it."

In the case at bar the facts are very different in that deceit is alleged.

Counsel also cites *Bostick v. Mutual Ins. Co. of New York,* 116 Wis. 392, 92 N. W. 246, 67 L. R. A. 705, which is a case fairly in point, but the court in the body of the opinion says:

"It is elementary that a person of mature age and sound mind, who, in his dealings with another, deliberately signs a written instrument, is conclusively presumed, as to that other and all persons claiming under him, to know and consent to what the paper contains; no fraud or deceit being used by such other or in his behalf at the time of such signing or efficiently reaching thereto, reasonably calculated to and which does induce such other to become a party to the instrument without reading it, and there being no mutual mistake. It is just as well settled that, where there is no such fraud or deceit, such person is not guilty of such unreasonable conduct, in relying upon the honesty of such other and signing the paper without reading it or knowing its contents, as to preclude him from obtaining judicial redress in some form for the wrong, if he is injuriously affected by the instrument not being what such other's wrongful conduct induced him to understand was its import. * * * The maxim, *'Vigilantibus, et non dormientibus, servat lex,'* (the law assists those who watch and not those who sleep) does not apply to a business transaction as between parties thereto where

one omits to investigate, relying on assurances by the other as to the facts, made at the time of entering into the transaction, such as signing and parting with a paper by one relying on representations as to its contents by the opposite party thereto. *Schultz v. Railway Co., supra,* [44 Wis. 638]; *Brooks v. Matthews,* 78 Ga. 739, 3 S. E. 627; *Wenzel v. Shulz,* 78 Cal. 221, 20 Pac. 404."

Counsel cites 9 Cyc. 390, which states the rule as follows:

"Of course, if the other party induces the signer to sign the paper without reading it, and to rely on his statement of the contents, this may give the signer a right, if the statement was fraudulent, to avoid the contract as against him on the ground of fraud."

This rule seems to be almost universal in cases decided upon facts similar to the one at bar, and we think it announces a principal both sound and just. Had the contract in question in this case contained any clause in reference to the right of defendants to rescind and countermand, and, had the contention of the defendants been that the clause was different to their under-standing of the oral agreement, then that would have placed the matter on an entirely different footing. But when plaintiff's agent states as a positive fact that the contract does contain such a clause, and induces the defendants to sign it by reason of such statement, and it afterwards appears that there had been no sort of effort to embody the agreement in the contract, this takes the matter out of the realm of difference of construction and places such statement on the basis of absolute dishonesty, deception, and fraud.

Did the confidence these defendants reposed in plaintiff's agent's honesty and veracity give him the right to impose upon them and deceive them? Did they not have a right to believe that he could and would tell the truth about this one paragraph, which he knew had or had not been incorporated into this contract, fresh from his own pen?

We think that under the circumstances pleaded in this case, they did have a right to rely upon the positive statement of the plaintiff that such a clause had been incorporated in this contract. This being true, the court did not err in overruling the defendants' demurrer to the answer and the objection to the introduction of evidence under the answer. *Schultz v. Railway Co.*, 44 Wis. 638; *Brooks v. Matthews*, 78 Ga. 739, 3 S. E. 627; *Wenzel v. Shulz*, 78 Cal. 221, 20 Pac. 404, *Martin v. Smith*, 116 Ala. 639, 22 South. 917; *Jones v. Austin*, 17 Ark. 498; *Cummings v. Ross*, 90 Cal. 68, 27 Pac. 62; *R. J. Gunning Co. v. Cusack*, 50 Ill. App. 290; *Wood v. Cincinnati Safe & Lock Co.*, 96 Ga. 120, 22 S. E. 909; *New v. Wambach*, 42 Ind. 456; *Burlington Lbr. Co. v. Evans Lbr. Co.*, 100 Iowa, 469, 69 N. W. 558; *Maxfield v. Schwartz*, 45 Minn. 150, 47 N. W. 448, 10 L. R. A. 606; *Aultman v. Olson*, 34 Minn. 450, 26 N. W. 451; *Beck, etc., Lithographing Co. v. Obert*, 54 Mo. App. 240; *Schuylkill County v. Copley*, 67 Pa. 386, 5 Am. St. Rep. 441; *Houston, etc., R. Co. v. Burns* (Tex. Civ. App.) 63 S. W. 1035; *Union Pac. Ry. Co. v. Harris*, 158 U. S. 326, 15 Sup. Ct. 843, 39 L. Ed. 1003; *Lumley v. Wabash, R. Co.* (C. C.) 71 Fed. 21.

2. The second assignment of error is:

"The court erred in admitting evidence on the part of the defendants tending to show that it was part of the agreement between the plaintiff and defendants that defendants had the option to countermand their order for the threshing machine, and that plaintiff's representative agreed to insert such a countermand clause in the written order signed by defendants and erred in refusing to strike said evidence from the record and instruct the jury to disregard the same."

In this contention we also think counsel is in error. If the answer states a defense, as, under the law, we find it does, then as to whether the right to countermand was a part of the oral agreement, and was to be incorporated in the written contract, and was intentionally omitted by the plaintiff for the purpose of over-

reaching the defendants, and whether the plaintiff falsely stated
to defendants, as a fact, that it was incorporated in their
written contract, and by reason of that statement the defendants
were induced to sign the contract, were all questions which should
have been submitted to the jury.

In *Robinson & Co. v. Roberts*, 20 Okla. at page 798, 95 Pac.
at page 250, Justice Turner, delivering the opinion in this case,
the facts of which are very similar to the one at bar, says:

"So we may say in this case that, as the testimony of
defendant shows that the agent represented the paper to contain
the prior verbal agreement which, in point of fact, it did not do,
but turned out to be a contract of sale with covenants of warranty,
this was not a mere matter of difference of opinion, or the mis-
statement of the legal effect of the instrument, but was evidence
of fraud sufficient, under all the circumstances, to go to the jury.
*   *   *   Is not the question whether one who claims to have
been drawn into a fraudulent purchase has exercised the proper
case and diligence to discover the fraud, and with due prompt-
ness in repudiating his contract on the ground of fraud, a ques-
tion for the jury under all the circumstances of the case? We
think so."

. And he cites and quotes with approval from the following
cases: "*Warder, Bushnell & Glessner Co. v. Whitish*, 77 Wis.
430, 26 N. W. 540; *Chapman et al. v. Atlanta Guano Co.*, 91
Ga. 821, 18 S. E. 41; *Wood v. Cincinnati Safe & Lock Co.*, 96
Ga. 120, 22 S. E. 909; *Hopkins v. Hawkeye Ins. Co.*, 57 Iowa,
203, 10 N. W. 605, 42 Am. Rep. 41."

3. In his third assignment the plaintiff complains that:

"The court erred in giving to the jury instructions numbered
1 and 2, given by the court of its own motion, and refusing in-
structions Nos. 1, 2, 3, and 4, requested by plaintiff."

We cannot agree with counsel in this contention. He does
not point out in what particular the instructions given by the
court are erroneous. And we have examined them carefully and

are of the opinion that they fairly state the law applicable to the facts and pleadings in the case, and are as favorable to the plaintiff as the facts and law would justify.

As to the plaintiff's requested instructions, we think No. 1 and 2 are sufficiently covered by the instructions given by the court. No. 3 is a request for peremptory instructions for the plaintiff, and we think was properly refused. No. 4, we think, does not state the law and should have been refused. This instruction concludes as follows:

"If you believe and find from the evidence that the defendants had an opportunity to read said written order before they signed the same, and were able to read the same, and failed to do so, the said defendants are bound by the terms thereof, notwithstanding you may further believe and find from the evidence that the agent of the plaintiff, at or before the time the same was signed, represented to defendants that said written order contained certain provisions which it did not in fact contain."

This requested instruction is in direct conflict with this court's ruling in *Robinson & Co. v. Roberts, supra,* in which case the court uses the following language:

"But the plaintiff insists that the court erred in overruling his request for a peremptory instruction, because 'the placing in defendant's hands of a copy of the order of the 18th of June and his failure to object to its terms until the 6th of August is a waiver of any objection to the terms of the contract.' In other words, plaintiff, in effect, contends that, by failing to read the contract and object to the terms thereof, defendant was guilty of such negligence as amounts to a waiver of the fraud in procuring the contract, if any such there were. * * * This undoubtedly is the rule in case of the absence of fraud on the part of the agent procuring the contract. But in this case the jury found, and we have held, that there was sufficient evidence to warrant a finding that there was fraud on the part of Brandt in procuring defendant's signature to the contract, and hence the rule above cited does not apply. We do not accede to the proposition that, under the circumstances, the law imposed a positive duty on the defendant to read the contract. That being

the case, he cannot be charged with negligence in failing so to do; and, that being true, there is nothing upon which to predicate a waiver on his part." *Kisler v. Insurance Co.*, 128 Pa. 553, 18 Atl. 447, 5 L. R. A. 646, 15 Am. St. Rep. 696; *Strohn v. Railway Co.*, 21 Wis. 562, 94 Am. Dec. 564; *Boorman v. Express Co.*, 21 Wis. 154.

In *Smith v. McDonald et al.*, 139 Mich. 225, 102 N. W. 738, in which a request very similar to the one now under consideration was refused by the court, in passing upon this requested instruction, the Supreme Court of Michigan, in speaking of the thought the attorney embraced in his request, says:

"His thought is made clear by his contention that one who 'has notice of such facts as by the exercise of ordinary diligence and prudence he should have known of the fraud, then he is presumed to have knowledge of such fraud, and must exercise the same degree of diligence as though he had actual knowledge.' This contention assumes that the defrauded party owes to the party who defrauded him a duty to use diligence to discover the fraud. There is no such obligation. One who perpetrates a fraud cannot complain because his victim continues to have a confidence which a more vigilant person would not have. The rule contended for by plaintiff, which requires the same diligence from all persons, has no application to cases of fraud. If it had, the very persons, viz., the credulous and unwary, who are the usual victims of fraud, would be at a disadvantage, and would often be denied redress."

In *Smith v. Werkheiser et al.*, 152 Mich. 177, 115 N. W. 964, 15 L. R. A. (N. S.) 1092, 125 Am. St. Rep. 406, the court uses the following language, the cases involving the same question that we now have under consideration:

"It is urged that, inasmuch as the books were placed at their disposal, complainants were bound to ascertain the truth, and to place no reliance upon the false statements that had been made to them. This is not the law. A defrauded party does not owe to the party who defrauds him an obligation to use diligence to discover the fraud. * * * *Bristol v. Braidwood,* 28 Mich. 196."

4. The fourth and last assignment of error complained of is: "The verdict and judgment are not sustained by sufficient evidence and are contrary to law, and, under the law and all the evidence, plaintiff is entitled to recover."

We think both the evidence and law sustain the judgment of the court and finding of the jury.

Finding no prejudicial error in the record and proceedings, and believing that substantial justice has been done, we recommend that the case be affirmed.

By the Court: It is so ordered: