## J. B. COLT CO. v. THOMPSON.

No. 16130—Opinion Filed Jan. 12, 1926.

(Syllabus.)

1. **Evidence—Contracts—Parol Evidence of Negotiations to Vary Writings.**

The execution of a contract in writing su-

persedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact in its procurement; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

**2. Contracts—Binding Effect of Writing.**

A person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its legal liability, for the reason that at the time false representations were made to the effect that the writing contained the verbal understanding of the parties.

**3. Same—Written Contract as Only Proof.**

Where a contract in writing was not procured by any sufficient artifice, trick, or fraud as will avoid it, and such contract is complete within itself and unambiguous in its terms, the same is the only admissible proof of such contract.

**4. Same—Case Overruled.**

Paragraph one of the syllabus, in case of Richardson Machinery Co. v. Duncan, 46 Okla. 21, 148 Pac. 80, is hereby expressly overruled.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by J. B. Colt Company against Matie Thompson. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

W. H. Harrison, for plaintiff in error.

White & Reid, for defendant in error.

MASON, J. This action was commenced by the plaintiff in error, J. B. Colt Company, hereafter referred to as the plaintiff, against the defendant in error, Matie Thompson, hereafter referred to as the defendant, to recover $266.70, with interest, for a carbide lighting system, which was sold and delivered to the defendant for use in her home by the plaintiff under a written contract. The contract contained no provision that said lighting system was to be installed by the plaintiff in the home of the defendant, or that it was to prove satisfactory before plaintiff was to be paid therefor.

For answer, the defendant denied liability and set up that her order for said lighting system was procured through fraud, in this, that, as an inducement to her to sign the order, plaintiff's agent represented to her that said lighting system would be installed in her home, and that there would be no obligation to pay therefor unless it proved satisfactory to her in every way, and that after said contract was drawn up and before the same was signed, the defendant requested said agent to read the same to her or permit her to read it, and that said agent stated that it was long and tedious to read, but that it contained all the conditions agreed upon, and that said agent especially assured said defendant that it contained the stipulation protecting said defendant against any liability unless the lighting system was installed and proved satisfactory.

The defendant also alleged and testified that she was without business experience and that she believed and relied upon said statements and signed the contract without knowing that said stipulation was not embodied therein, and that she would not have signed said contract without reading it, had she not been induced by the statements and assurance of said agent to believe that said contract contained the aforesaid stipulation.

A demurrer was filed to said answer, which was overruled, whereupon the cause was tried to a jury and judgment rendered in favor of the defendant, to reverse which plaintiff prosecutes this appeal.

Plaintiff in error, for reversal, urges many assignments of error, only two of which we deem necessary to consider, viz.:

"First. The trial court erred in overruling plaintiff's demurrer to the defendant's answer.

"Second. The court erred in overruling plaintiff's demurrer to the evidence of the defendant."

The order signed by the defendant was dated August 23, 1920, and, among other things, contained this clause:

"That this order shall become a contract between the purchaser and the company upon acceptance thereof in the space below, by an officer or credit manager of said company at its office in New York, it being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order, the contract so made cannot be canceled, altered, or modified by the purchaser or by any agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers."

Said contract was approved and accepted by the plaintiff company as therein provided on the 3d day of September, 1920. It did not contain the stipulation pleaded by the defendant.

The record discloses that the lighting system described in said order was delivered to the defendant, but no contention is made that it was ever installed in her residence. When the defendant signed said contract containing the clause above set forth, she bound herself thereby unless her signature was secured by fraud.

The rule as to varying, changing, or altering the terms of a written contract by parol evidence is laid down in the first paragraph of the syllabus of the case of McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524, which reads as follows:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representations made prior to or contemporaneous with the execution of the written contract are inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

In the application of this law to the contract in the instant case, the effect is that when the defendant signed the written contract all previous negotiations, conditions, representations, and terms of agreement were merged in the contract, and it is binding upon the defendant, Matie Thompson, unless she was induced by deceit and fraud to sign the same, and said deceit and fraud is such as is held in law sufficient to avoid it. Were the defendant's allegations of fraud and evidence in support thereof sufficient, in law, to constitute a defense as against the plaintiff's action?

The courts of last resort of a great many states, and this court, in a case cited and relied on by the defendant in error, Richardson Machinery Co. v. Duncan, 46 Okla. 21, 148 Pac. 80, hold: That if the other party induces the signer to sign the contract without reading it, and to rely on his statement as to the contents, that this gives the signer the right, if the statement was fraudulent, to avoid the contract as against him on the ground of fraud; the underlying principle of these decisions being that the negligence of a party to a contract induced by the fraud of the other cannot be taken advantage of by the latter.

A great many other decisions, including several of this court, hold that a party in possession of his faculties and able to read is not excused from reading an instrument presented for his signature by a mere statement that it conforms to a previous verbal agreement.

It has been held, however, that where a person is handed the written contract and he examines the same and finds that it does contain all the terms and conditions of the oral negotiations, but if by artifice and surreptitious acts the execution of another contract in writing, not containing the terms of the one shown to the party, is procured—this is held to be a sufficient deceit and fraud to avoid its terms.

In Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203, the Supreme Court of the United States, in commenting upon a case similar to the one at bar, said:

"It will not do for a man to enter into a contract and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they were written. But such is not the law."

In Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577, this court held:

"A person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its legal liability, for the reason that at the time false representations were made to the effect that the writing contained the verbal understanding of the parties."

In the body of the opinion, it is said:

"The identical questions presented by the record in this case have heretofore been determined by this court, and these two propositions are settled beyond controversy: First. Where a person signs a written contract, if he is in possession of his faculties, able to read, a mere false representation to such a person that the writing contains their verbal understanding is not the fraud contemplated upon which parol evidence may be admitted to alter or vary the terms of a written instrument. Second: The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

The third paragraph of the syllabus of Mc-Ninch v. Northwest Thresher Co., supra, reads as follows:

"If a party is induced to sign a contract by fraud, he can, of course, avoid it for that reason. It is, however, clear that merely falsely representing to a man in possession of his faculties and able to read that a writing embodies their verbal understanding is not the fraud the law means."

To the same effect, are White Sewing Machine Co. v. McCarty Furniture Co., 58 Okla. 545, 160 Pac. 495; Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 Pac. 12.

As a general rule, the law will not permit one to profit by his own fraud. Nor does it go to the length of giving indemnity against the consequences of indolence, want of prudence, or an indifference to the ordinary and accessible means of information.

To follow the rule announced in Richardson Machinery Co. v. Duncan, supra, would not only impair and lessen the protection intended to be given by written contracts, and permit crafty and unscrupulous persons to avoid the terms of their written contracts, but would, no doubt, create endless litigation.

Inasmuch as the rule announced in Richardson Machinery Co. v. Duncan, supra, is in conflict with the other cases of this court cited herein, and for the reasons above set forth, the rule announced in said case is hereby specifically overruled.

Under the rule announced in the other cases cited herein, it is apparent that the answer of the defendant did not state a defense, and the trial court, therefore, erred in overruling plaintiff's demurrer thereto, and in overruling the demurrer to the evidence in support thereof.

The case is reversed and judgment rendered for the plaintiff.

NICHOLSON, C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur. LESTER, J., having been trial judge, not participating.

Note.—See under (1) 22 C. J. pp. 1098, 1102, §1459; anno. 17 L. R. A. 270 et seq.; 10 R. C. L. p. 1030; 2 R. C. L. Supp. p. 1142; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. p. 583. (2) 13 C. J. p. 370 §249. (3) 22 C. J. p. 1104 §1459.