JAMES MCGONIGLE, *et al.*, v. WILLIAM GORDON, *et al.*

1. UNDERTAKING TO RELEASE PROPERTY; *Action; Pleading and Proof.* In an action an undertaking given by the defendant in an attachment case, to secure the release of the attached property, it is necessary to aver and show by the evidence that the attached property was restored to the defendant, or there can be no recovery on the undertaking.

2. SPECIAL VERDICT; *Necessary Facts.* In a special verdict in such an action, the fact of restitution of the attached property is an essential one to be found by the verdict, where such fact is put in issue by the pleadings.

3. ———— If in a special verdict any fact essential to sustain a judgment is not found, there can be no judgment on the verdict.

4. JUDGMENT *on Special Verdict; Reversal; Practice.* Where there is a special verdict, and there are no exceptions thereto, and no motion for further findings or for a new trial, and a judgment is rendered on the verdict, and the supreme court determines that the verdict is not sufficient to sustain the judgment, such court has no power to send the case back for a new trial, but must order a judgment on the verdict for the defendant.

*Error from Leavenworth District Court.*

ACTION against *McGonigle* and *Buckley* upon an undertaking executed by them as sureties. The body of the undertaking is as follows:

[TITLE.] "Whereas, Wm. Gordon, John Gordon and John Kirch, partners as Gordon & Kirch, have commenced a civil action against S. J. Shepler and C. C. Jordan, owners of the steamer *Monongahela,* in the court above named, within and for the county of Leavenworth, to recover the sum of $423.90; and whereas, an order of attachment has been issued in said action, and the steamer *Monongahela,* as the property of said Shepler and Jordan, has been attached, and is now bound therefor; and whereas, said Shepler and Jordan, defendants, are anxious to obtain a discharge of said property from such attachment; now we, S. J. Shepler, C. C. Jordan, John Arthur, *James McGonigle* and *Martin L. Buckley* undertake to the said plaintiffs in the sum of $850, that the said Shepler and Jordan shall perform the judgment of the court in the above entitled cause."

The petition alleged in substance, that an action had been instituted in the district court of Leavenworth county, wherein Gordon & Kirch were plaintiffs and Shepler & Jordan were defendants; that an attachment had been issued in that action, and property of the defendant levied on; that an undertaking had been executed by the defendants, approved of by court, and the attachment discharged, and the property attached restored to the defendants in that action, and that judgment was rendered for some specific amount in that action, against the defendants therein, and that the same had not been performed by said defendants. These allegations were all put in issue by the answer of the defendants. The action was tried at the October Term 1871. A special verdict was demanded on all the issues of fact, under § 7, ch. 87, laws of 1870. The jury found as follows:

"First, That the steamboat Monongahela was attached by the sheriff of Leavenworth county in an action wherein Gordon & Kirch were plaintiffs, and Shepler & Jordan defendants.

"Second, That the defendants in this action (McGonigle and Buckley,) executed and delivered the bond upon which this suit is founded, and that said bond was approved by the court, and the steamboat Monongahela was released from such attachment; and the said defendants (Shepler and Jordan) did thereupon execute a chattel mortgage on said steamboat to McGonigle and Buckley.

"Third, That said steamboat was wrecked before the entry of judgment, in said case of Gordon & Kirch v. Shepler & Jordan.

"Fourth, That after judgment was rendered therein in favor of said plaintiffs, execution was issued thereon to the sheriff of Leavenworth county to repossess himself of the said steamboat, and that he demanded the said boat of the defendants, and they failed to deliver the same.

"Fifth, That said steamboat was mortgaged by Shepler & Jordan to one Henry Peterson prior to the commencement of the first action wherein the said boat was attached, to-wit, in the year 1869; and that such mortgage was in full force at the time of rendition of said judgment in favor of Gordon & Kirch.

"Sixth, That the said judgment is still unsatisfied, and that neither of these defendants have ever performed the judgment of this court.

"Seventh, That Shepler & Jordan had no property in the county of Leavenworth out of which the sheriff could obtain satisfaction of the judgment.

"Eighth, That the defendants in this case are indebted to the plaintiffs in the sum of $430.70, with interest at the rate of 7 per cent. per annum from the 2d of March 1870, and in the further sum of $139.40 costs accrued at the last-mentioned date, making in all $615.10."

Upon which findings the court below entered judgment in favor of defendants in error for said sum of $615.10, and plaintiffs in error now bring the case here for review.

*Stillings & Fenlon,* for plaintiffs in error:

1. The second finding shows that plaintiffs in error executed the bond sued on, that it was approved by the court, and that the property attached "was released from such attachment." The balance of the second finding seems to be wholly outside of the case—certainly not an issue in the case.    There is no

12—11 KAS.

finding "that restitution was made of the property attached."
This is demanded by § 213 of the code by which the bond is
provided for.   The object to be subserved in giving the bond,
and the only one, is to obtain restoration of the property
attached, and until the property is restored, no liability can
be incurred on the bond.   The plaintiff in the attachment
proceeding gives back the property attached, and in return
therefor receives an obligation that secures the payment of
any judgment he may obtain.   The restoration of the prop-
erty is the only consideration for the bond.   The statute pro-
vides that, on giving the bond, "the attachment shall be
discharged, and restitution made of any property taken under
it."   The jury find only that the property "was released from
the attachment," but fail to find that restoration was made to
the defendants.   The court below had no right to infer from
the finding that the property was restored.   A discharge of
the attachment, or to use the language of the jury, a release
from the attachment, and a restoration of the property, are
two totally different things.   The statute itself uses both
phrases—"the attachment shall be discharged, *and* restoration
made."   If they meant the same thing, or one could be legit-
imately inferred from the other, it is hardly to be supposed
the legislature would incorporate both in the law.   It is not
difficult to imagine how an attachment may be discharged,
and yet the defendant fail to obtain restoration of his property,
hence it is made the imperative duty of the plaintiff who has
caused the property to be seized, to *restore* the same and look
to his bond; if he fails to do so, he has no remedy on the
bond, and in an action on the bond, he must show that restora-
tion was made, and the jury should find that fact, as a fact
essential to the recovery.   It is not the province of the court
to infer any fact, much less one without which the plaintiff
could not recover.   Section 285 of the code defines a special
verdict to be "that by which the jury finds facts only; it
must present the facts as established by the evidence; and
these must be so presented as that nothing remains to the court

but to draw from them conclusions of, law." 9 Cal., 500; 6 Cal., 651; 1 Estee's Pl., 733.

2. It was necessary to find as a fact, that in the attachment action the plaintiff recovered judgment for some *specific amount* before the plaintiffs below could recover against the sureties, for their obligation was that their principals should "perform the judgment." There is no finding in the special verdict that a judgment was rendered in the attachment action for any specific amount. The 3d finding is that the steamboat was wrecked before the entry of judgment in the case of Gordon & Kirch v. Shepler & Jordon, but does not tell us what that judgment was—whether for plaintiff or defendant—or the amount or character thereof. The 4th finding is "that after judgment was rendered in favor of the plaintiffs, execution was issued," etc., but does not pretend to say what the judgment was—whether for money, and if so, how much—or for the recovery of specific personal property; the court below could not tell from the findings of the jury, nor can this court, what that judgment was. The 6th finding is that "said judgment is still unsatisfied." What judgment? The previous findings do not show any judgment of any character or amount.

The above are all the findings that refer in any manner whatever to a judgment, and we submit that "if the facts must be so presented as that nothing remains to the court but to draw from them conclusions of law," that it is difficult to draw from these facts "as a conclusion of law," that the plaintiffs in error were indebted to defendants in error in any specific sum. They could not be, unless a judgment was had in the attachment case for some amount certain, and the jury do not find so. We submit then, that according to the law, of the land, the plaintiffs below did not establish sufficient facts to entitle them to recover.

3. The 8th finding is not a finding of fact at all, and defendants moved to strike it from the verdict. It is a finding of a conclusion of law, which the court only had the power "to draw" from facts established by the verdict.

The plaintiffs in error had a right to have their case tried according to law. The law requires sufficient facts to be found by the jury from which there "remains nothing for the court to do but draw conclusions of law." Whatever the actual facts may be, unless the jury have furnished this court with grounds for a judgment against the plaintiffs in error, none should be rendered on any supposed state of facts not affirmatively shown in the record. The court will notice that neither party excepted to the verdict, both being willing to stand upon it; and as the judgment rendered for the defendants in error cannot stand, we ask that the judgment be reversed, and that judgment be entered on the special verdict for the plaintiffs in error.

*T. A. Hurd,* and *H. M. Herman,* for defendants in error:

1. It is not necessary to aver restoration to the defendant of attached property in an action on the bond: 18 Cal., 339. Nor is it necessary to make proof of restoration.

2. The jury find in the 6th finding, "That neither of the defendants ever performed the judgment of the court." That was what they had stipulated to do. This alone was sufficient for the court to enter a verdict for the plaintiff.

While the jury do not find the amount of the original judgment, they mention that judgment was entered in the action in which the bond was given; also, "that after judgment was rendered for the plaintiff;" "that the mortgage was in full force at the time of the rendition of said judgment;" "that the judgment is still unsatisfied;" and "that the sheriff could find no property in the county to satisfy said judgment." In the 8th finding the jury name the sum of $430.70, which is the amount of the original judgment and interest; so that while they did not directly find in so many words the amount of the judgment, they found facts enough to warrant the court in entering judgment for the plaintiff in accordance with the 8th finding.

3. The 8th finding is in the nature of a general verdict, and must be so regarded. The first seven findings are not in-

consistent with this finding; and the general finding, the 8th, must control.

The jury found upon all the issues in the cause submitted to them, and found for the plaintiff as stated in their 8th finding, which, not being a finding of fact, but such a judgment as the court must have rendered upon the findings of fact; and said findings of fact being sufficient to warrant a verdict for the plaintiff, said 8th finding must be regarded as a general finding or verdict for the plaintiff. Under the code, § 288, the jury are compelled to find the amount of recovery. The 8th finding being then a general finding as to the amount, in harmony and consistent with the other findings, the court below could not do otherwise than enter judgment in accordance therewith.

The plaintiffs in error accepted the verdict without objection. It is too late now to raise any objection to it. 6 Kas., 471. Where there is enough in the verdict to ascertain the intention of the jury, it is error in the court not to give effect to such a verdict, where such intention can be ascertained. 2 Cal., 269. And is good, however informal, if the court can understand it. 12 Ind., 274.

Acceptance of a special verdict that is imperfect, without a finding as to all the issues, is a withdrawal from the consideration of the court of those issues on which there is no finding. 31 Cal., 98.

Where the general and special verdicts do not conflict, or if there is any one issue not covered by the special findings, judgment should be rendered on the general verdict. Code, § 287; 20 Cal., 387; 23 Cal., 489. Therefore, construing the 8th finding as a general finding or verdict, (for if not a finding of fact, it is a general finding by the jury, and must be so considered,) it is not repugnant to or antagonistic to the several special findings and the evidence in the case, upon which they reached the conclusion that the defendants were indebted to the plaintiffs in the sum of $615.10. The court could not do otherwise than enter judgment for the plaintiffs below, and there is no error.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an action on an attachment bond given under § 213 of the code. The plaintiffs in error were the sureties on the bond. A special verdict was demanded on all the issues of fact under § 7 of the act of 1870. (Laws of 1870, p. 173.) The error alleged is, that the facts as found by the special verdict do not authorize the judgment rendered. The rule by which this question must be determined is found in § 285 of the code. The facts must be so presented as that nothing remains to the court but to draw from them conclusions of law. But the facts to be presented by a special verdict are only the facts that are necessary to be offered in evidence. What is admitted in the pleadings, need not be proved, and need not be returned in a special verdict. The pleadings put certain questions in issue; on these only the jury pass. If a fact admitted in the pleadings is necessarily involved in a general verdict, the jury are instructed to consider that fact as true. The first defect alleged is, that the verdict fails to show that the property attached was restored to the owners. The action was on an undertaking given by plaintiffs in error as sureties to procure the release of an attachment. The law provides that upon giving the bond the attachment shall be discharged, and restitution made of the property attached. (Code, § 213.) The fact is found that upon the giving of the bond the same was approved by the court, and the property was released from the attachment. Was it a necessary fact to establish the liability of the sureties on the undertaking, that it should not only appear that the property was released from attachment, but that it should be restored to the owner? We think it was. The law makes a distinction between a release of the property from attachment, and the return thereof to the owner. As we find this distinction made by the statute we cannot ignore it. And it is not difficult to perceive a great difference between the two acts. When the proper bond is given the law discharges the attachment. The bond becomes the surety of the attaching-

creditor in lieu of the attached property. But the debtor has a right to a restitution of the attached property. If he does not get possession of the property taken from him by the attachment, he ought not to be compelled to pay the bond, the sole object for the giving it, being the restitution of his property. It is the duty of the officer holding the attached property to make the restitution; but if the plaintiff relies on the bond he must see that the officer does this duty. This is the reason of the law. The law itself is plain enough. It positively directs that restitution shall be made. It is not the policy of the law to drive the defendant, after having given security for the demand against him, to another action against the officer to obtain possession of his own property. It is urged in argument that the eighth fact found is in substance a general verdict, and therefore the judgment should be sustained on that finding. But we do not think that the finding is in form or substance a general verdict, and therefore it is unnecessary to decide whether, when a special verdict is demanded and rendered, and is found defective, a judgment will be upheld on a general verdict. Our statute makes a great innovation on the common law, and whether it is wise or otherwise, the courts cannot change it. This conclusion necessarily reverses the judgment of the district court; a result which, on account of the consequences of the decision, has not been reached without the most careful scrutiny and mature deliberation. There are no exceptions to the verdict; no motion for further findings, or for a new trial. All the facts in the case are found to the satisfaction of both parties. The facts do not warrant a judgment for the plaintiff below. Therefore the judgment must be for the defendant on the verdict. It seems to us that justice requires the case to be sent back for a new trial, and if the court had the power to do so, it would make such an order, but we have no discretion in the matter. Section 559 of the code is explicit and positive on this point. The case must be sent back to the district court with instructions to enter judgment on the verdict for the defendants. If there is any hardship in the case,

the remedy for future cases lies with the legislature, not with the court.

All the Justices, concurring.