GEORGE A. EDDY v. JOHN A. MOORE, et al.

AT the October Term, 1878, of the district court of Pawnee county, *Moore* and two others had judgment against *Eddy*, who brings the case here. The facts appear in the opinion.

*Nelson Adams*, for plaintiff in error.

*Sterry & Sedgwick*, and *Van Winkle & Strang*, for defendants in error.

*Per Curiam:* On April 8, 1878, the defendant in error Moore (plaintiff below) filed his petition in the district court of Pawnee county against Jerry Toles and Geo. A. Eddy, to recover $125 on a forthcoming bond executed by W. H. Mitchell, Jerry Toles, Geo. A. Eddy, T. H. Edwards, and Nelson A. Adams, on the 8th day of December, 1877, in certain actions then pending before a justice of the peace of Pawnee county against W. H. Mitchell, and in which actions attachments had been issued and levied upon the goods and chattels of said Mitchell. N. E. Weaver and D. S. Bill were also made defendants, and filed a cross-petition, claiming judgment upon the bond for the sum of $472.50 and interest. Summons was duly issued to the sheriff of Pawnee county, and personal service made upon Jerry Toles. Summons was also issued to the sheriff of Leavenworth county, the said county being the residence of said Eddy, and he was personally served in that county on April 10, 1878. Upon the trial, which was had in October, 1878, to the court, a jury being waived, John A. Moore and Messrs. Weaver & Bill dismissed their actions against Jerry Toles. The court filed findings of fact and its conclusions of law thereon, and rendered judgment against Eddy in favor of said Moore for $111.78, and in favor of Weaver & Bill for $462.52 and costs. The fact is found that the property taken upon attachment was not restored to the owner, although such owner, W. H. Mitchell, the principal upon the bond, expressly de-

manded restitution. The case of *McGonigle v. Gordon,* 11 Kas. 167, is decisive of this. "The law makes a distinction between a release of the property from attachment and the return thereof to the owner." That the property was sold upon a certain execution and the plaintiff in error was interested in such execution, does not change the rule. This action was upon the bond. It must stand upon the bond, or not at all. The sole object for giving the bond failed, as the property was not restored; therefore, no recovery can be had upon it. (*McGonigle v. Gordon,* supra; Comp. Laws 1879, pp. 707, 710, §§33 and 52; Civil Code, §213, p. 629, id.)

The judgment of the district court will be reversed, and the case remanded with directions to the district court to render judgment upon the findings of fact for costs in behalf of the plaintiff in error.

BREWER, J., not sitting.