GEORGE H. CASE, GEORGE S. BISHOP AND DAVID HERON, *Copartners*, v. CHARLES H. SHULTZ AND ISAAC T. HOSEA, *Copartners as Shultz & Hosea.*

FORTHCOMING BOND — *Surety, When not Estopped.* Where property is attached in the hands of a third person, and such third person, together with the defendant in the action, gives a forthcoming bond to the plaintiff for the property, under § 199 of the civil code, *held*, that such third person is not estopped from afterward claiming the property as his own, unless the property has been delivered to such third person or to the defendant by the officer, in pursuance of such forthcoming bond.

*Error from Jewell District Court.*

AT the April Term, 1883, *Shultz & Hosea* had judgment against interpleaders, *Case, Bishop & Co.*, who bring it here for review. The opinion states the nature of the action, and the facts.

*Heron & Case,* and *C. Angevine,* for plaintiffs in error.

*R. S. Hanley,* and *Everest & Waggener,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the recovery of money, commenced by Charles H. Shultz and Isaac T. Hosea, copartners doing business under the firm-name of Shultz & Hosea, against N. S. Doty, Frank Doty, Charles Doty and William Doty, copartners doing business under the firm-name of Doty Brothers & Co. An order of attachment was issued in the case, and was levied upon certain barbed wire and galvanized wire, as the property of the defendants. Afterward, George H. Case, George S. Bishop and David Heron, copartners doing business under the firm-name of Case, Bishop & Co., filed a petition in the case under chapter 137 of the Laws of 1877, (Comp. Laws of 1879, ch. 80, ¶¶ 3567 and 3568,) alleging that they had a lien upon and were entitled to the possession of the attached property by virtue of a chattel mortgage executed to them by Doty Bros. & Co. The plaintiffs, Shultz & Hosea, answered to this petition of Case, Bishop & Co., setting forth: (1) a general denial; (2) that the said chattel mortgage was fraudulent and void; (3) that after the said property was attached, Case, Bishop & Co. and the defendants Doty Bros. & Co. executed to the plaintiffs a forthcoming bond for the property under § 199 of the civil code, and in pursuance of such bond, the officer delivered the property back to the parties executing the bond. Case, Bishop & Co. replied to this answer by filing a general denial. This reply was not verified by any oath or affidavit. A trial was had before the court without a jury, upon the pleadings of the said Case, Bishop & Co. and Shultz & Hosea, and the court made special findings of fact and law, and upon such findings rendered judgment in favor of Shultz & Hosea and against Case, Bishop & Co. Case, Bishop & Co., being

dissatisfied with such judgment, bring the case to this court, and ask for a reversal thereof.

The judgment of the court below, upon the real facts of the case is in all probability correct; but upon the imperfect record brought to this court, it appears to be erroneous. The court itself finds against the first two defenses set forth in the plaintiffs' answer, and finds in favor of the plaintiffs and against Case, Bishop & Co., only upon the third defense set forth in the plaintiffs' answer. But this finding we think is not sufficient to sustain the judgment; for there is nothing in the finding or in the record that shows, or tends to show, that the attached property was ever delivered back to either Case, Bishop & Co., or to the defendants, Doty Brothers & Co.; and there is nothing in the record showing or tending to show that even a forthcoming bond was ever given, except the said finding of the court below, which was made solely upon the pleadings in the case, and was only to the effect that such forthcoming bond had been given. There was no evidence introduced in the hearing with respect to these matters. The forthcoming bond is not in the record brought to this court. Probably the foregoing finding of the court was correct upon the pleadings; and probably also the forthcoming bond was then on file among the papers of the case; and probably also the sheriff had made his return on the order of attachment showing what he had done with the attached property; and therefore the court might have taken judicial notice of all these matters; but from the record brought to this court, such does not appear to be the case. It does not appear from the record brought to this court that the sheriff has ever made any return of the order of attachment; and if he did make any such return, there is still nothing appearing in the record of the case as brought to this court, showing what such return was. Indeed, as before stated, there is no evidence in the record, and nothing in the findings of the court, or in anything else, showing or tending to show that the attached property was ever returned either to Case, Bishop & Co., or

to Doty Bros. & Co.; and the court below made its findings with respect to the forthcoming bond, not upon the evidence introduced, not upon any judicial knowledge which it might take of the papers and proceedings in the case, but solely and entirely upon the answer of Shultz & Hosea, and the want of a verified reply by Case, Bishop & Co. Now if said property had been returned to the parties executing the bond, then Case, Bishop & Co. would be estopped from setting forth any claim to the property, paramount to the attachment lien. (*Sponenbarger v. Lemert,* 23 Kas. 55, 62; *Haxtun v. Sizer,* 23 id. 310; *Wolf v. Hahn,* 28 id. 588.) But as it does not appear that the property was so returned, it cannot be held that any such estoppel has arisen in the case. And if no such estoppel has arisen, it would seem from the other facts of the case that Doty Brothers & Co. are entitled to the property in controversy.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.