THE LANE IMPLEMENT COMPANY, *a corporation,* v. L. R. LOWDER AND J. H. MANNING.

(Filed July 6, 1901.)

1. **ATTACHMENT—Suit on Forthcoming Bond—Exemption of Property, Litigated When.** A judgment sustaining an attachment is conclusive until reversed or vacated, and a defendant in an attachment suit cannot, when sued on a forthcoming bond, under which the property was returned to him, avail himself of the fact that the property attached was, at the time it was seized under the order of attachment, exempt.If the question was raised in the attachment suit, the judgment adverse to the attachment debtor is *res judicata* in a suit on the bond, and, if raised for the first time in an action on the forthcoming bond, it comes too late.

2. **ADMISSION IN PLEADINGS—Binding, When.** Where a party to an action makes solemn admission against his interest in a pleading, in the absence of mistakes on his part or on the part of his counsel who inserted them in such pleading, a court, in passing upon the sufficiency of a subsequent amended pleading filed by him, should take such admission into consideration and treat them as admitted facts in the case.

(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before William L. Eagleton, Probate Judge.*

*C. J. Wrightsman,* for plaintiff in error.

*A. J. Biddison,* for defendant in error.

Opinion of the court by

BURWELL, J.: The Lane Implement company sued L. R. Lowder on a promissory note before a justice of the peace, and counsel caused an attachment to issue out of that court, which was levied on certain property of the defendant. On the same day the defendant gave a forthcoming bond, with J. H. Manning as surety. At the trial,

judgment was rendered for plaintiff, the attachment sustained, and the attached property ordered sold; but when the officer attempted to take the property under the order of sale, it could not be found. The Lane Implement company then commenced this action in the probate court of Pawnee county on the forthcoming bond. The defendants answered, and after several motions were filed by each of the parties and disposed of by the court, the defendants filed what they styled an amended and additional answer, which is, (1,) a general denial, and (2,) alleges that the forthcoming bond was without consideration, in that the property attached in the original suit was exempt under the laws of the territory. The original answer admitted the commencement of the original suit, the issuance of the order of attachment, and the seizure of the property thereunder; the execution and delivery of the forthcoming bond, and the return of the property to Lowder, and, finally, admitted the rendition and existence of judgment in such case as pleaded by the plaintiff; and that the attached property had been ordered sold. It is not clear to the court from the record whether the defendants intended to abandon their original answer or not, but no matter what their intentions, they are bound by the solemn admissions made in their original answer, in the absence of mistake, which is not claimed; and when the plaintiff filed a demurrer to the defendants' amended answer, it was the duty of the trial court, under the condition of the record, to take those admissions into consideration, and if the admissions of the defendants are true, (and we must conclude that they are,) then the answer, taking it as a whole, fails to state any defense to the plaintiff's petition. Solemn admissions made by a party to an action, in his pleading, should be regarded

as admitted facts in the case, until there is a showing that they were made by mistake, either on the part of the pleader or his attorney. If the attached property was exempt, that question should have been raised and litigated in the original action, and the presumption is that it was; at any rate the judgment of the court sustaining the attachment is conclusive until reversed in that particular case, and it cannot be considered when raised for the first time in this action on the forthcoming bond; and, then, it has been held that, by giving a forthcoming bond, one is estopped from denying that the property returned under it is the property of the party who gave the bond, or that the property was subject to attachment. (*Bowden et al. v. Burnham et al.*, and *Barnes, et al. v. Same*, 59 Fed. Rep. 752; *Sponenbarger v. Lamert*, 23 Kan. 55; *Haxtun v. Sizer*, *Id.* 310; *Wolf v. Hahn* 28 Kan. 588; *Case Bishop & Co. v. Shultz & Hosea*, 31 Kan. 96, 1 Pac. 269; *Peterson v. Woollen*, 48 Kan. 770, 30 Pac. 128; *Greenville National Bank v. Evans-Snyder-Buel Co.* 9 Okla. 353.) But ignoring that question altogether, the judgment of the justice of the peace sustaining the attachment, until vacated, is *res judicata* as to every question which was litigated in that action, and the defendants in this case are bound thereby. The court, instead of sustaining the defendants' motion for judgment in their favor, should have overruled it, because their answer, as heretofore stated, showed clearly that they had absolutely no defense. On the contrary, the plaintiff, upon proper motion, was entitled to judgment in his favor.

The judgment of the trial court should be reversed and vacated at the cost of appellee, with direction to the court

below to proceed in conformity with the views herein expressed. It is so ordered.

All the Justices concurring, except Hainer, J., who concurs in the result and concurs in section 1 of the syllabus, but expresses no opinion as to section 2 of the syllabus.