DROVERS' LIVE STOCK COMMISSION COMPANY v. CUSTER COUNTY STATE BANK, CHARLES W. GOODWIN, AND OTTO A. SHUTTEE.

(Filed September 5, 1907.)

(91 Pac. 850.)

1.    ATTACHMENT—Bond to Pay Judgment—Action Thereon— Necessary Averments. In an action on an undertaking given by the defendant in an attachment case, under section 4107 of the Statutes of Oklahoma of 1893 to secure the release of the attached property, it is necessary to aver and show by the evidence that the attached property was restored to the defendant; or there can be no recovery on the undertaking.

2.   REFORMATION OF :INSTRUMENTS—Equitable Relief Denied,
When.  Equity will not subject the property of one party to the
payment of the debt of another; and a mistake will not be cor-
rected in an equitable action, unless the plaintiff ,shows by his
bill that without such correction it will suffer loss or injury, but
even then the court will not enter a decree that will injure an-
other in order. that the ,plaintiff may not suffer loss.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before C. F.
Irwin, Trial Judge.*

Affirmed.

*I. H. Lookabaugh, H. H. Howard* and *George R. Jobson,* for
plaintiff in error.

*S. H. Reid, M. D. Libby* and *Fred Gillette,* for defendants in
error.

Opinion of the court by

Burwell, J.:  The plaintiff in error commenced suit against
the Custer County State Bank, E. W. Crane and J. W. Winans,
for money on an account.  A writ of attachment was sued out and
certain property seized thereunder.  The Custer County State
Bank then executed a bond under the statute, which recited the
bringing of the suit, the levying of the attachment on property be-
longing to the Custer County State Bank, describing the property,
and then the bond closed with the conditional agreement to pay
any judgment that might be rendered against it.  Crane and
Winans were not parties to this bond.  On the trial judgment was
rendered in favor of the plaintiff and against E. W. Crane and
J. W. Winans for $5,654, and $139.95 costs, but against the
plaintiff and in favor of the Custer County State Bank.  The
plaintiff in error then commenced the present suit to reform the
undertaking given by the Custer County State Bank for the re-
lease of the property, so as to bind the bank and the sureties to
pay any judgment that might be rendered in the case, instead
of "against it" (the bank).  The petition also alleges that exe-
cution had been issued against Crane and Winans, and returned

"no property found." The plaintiff also prays for judgment against the Custer County State Bank and the sureties on the bond for the amount of the judgment and costs against Crane and Winans. A demurrer was filed to the petition, and sustained by the court. The plaintiff elected to stand on the petition, and the court entered judgment dismissing the case, and the plaintiff has come here on appeal.

We are clearly of the opinion that the petition fails to state a cause of action. The purpose for executing a bond like the one in suit is to secure the return of the property attached, and there is no allegation in the petition to the effect that after the Custer County State Bank executed the bond in question the attached property was returned to it. Such an allegation was indispensable, and the fact that the court, after the bond was approved, ordered the attached property to be released, and the plaintiff attached a copy of such order to his petition, is not sufficient. The burden is on the pleader to show that the attached property actually was returned. The bond was executed under the terms of section 4107 of the Statutes of Oklahoma for 1893, and this statute contemplates restitution of the attached property.

In the case of *James McGonigle et al. v. William Gordon et al.*, 11 Kan. 167, the supreme court of Kansas, in passing upon the question here presented, said:

"In an action on an undertaking given by the defendant in an attachment case to secure the release of the attached property, it is necessary to aver and show by the evidence that the attached property was restored to the defendant, or there can be no recovery on the undertaking."

It is also admitted by counsel for the appellant in their trial that the Custer County State Bank was not indebted to the plaintiff, the Drovers' Live Stock Commission Company, in any sum whatever, and it is insisted that the bank should not have been made a party to the suit. The record as presented by the plaintiff (and by the record we mean the bond) recites that the property attached was the property of the Custer County State Bank.

and the conditions of the bond are that the bank and the sureties on the bond will pay any judgment that may be rendered "against it" (the bank) ; and the allegation of the petition in this case is that the property was attached as the property of Crane and Winans. This allegation is not enough to justify a reformation of the bond. The plaintiff has come into a court of equity asking for relief against a mistake; but, even though a mistake has been made, before relief will be granted it must appear that the plaintiff, without such correction, will suffer injury and be deprived of the benefits of his attachment. If the property attached actually belonged to the bank, the bond was in proper form, for its property could not be legally subjected to the payment of another's debts. If the property attached was in fact the property of Crane and Winans, the plaintiff should have so stated in its petition. That the property was attached "as the property of Crane and Winans" would not be sufficient to justify the court to reform the bond. The plaintiff should have alleged, not that it was attached as the property of Crane and Winans, but that it was duly attached in the action, and that it was the property of such defendants, and not the property of the Custer County State Bank. Equity delights in doing full and complete justice, and, if this property which was attached was (as recited in the bond) in fact the property of the Custer County State Bank, then the attaching it by the plaintiff as the property of Crane and Winans presents no equitable cause of action. The plaintiff cannot in equity complain that he has been prevented from subjecting the bank's property to the payment of the debts of Crane and Winans.

Judgment affirmed. Costs taxed to appellant.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.