## BLANCHARD v. ANDERSON.

No. 716. · Opinion Filed January 10, 1911.

1.  **ATTACHMENT—Forthcoming Bonds—Validity.** A forthcoming bond in attachment will be held good as a common-law bond, though it does not conform to the statute, if it does not contravene public policy or violate the law, and may be enforced in an ordinary action at law.

2.  **SAME—Recitals in Bond—Conclusiveness.** Where a forthcoming bond in attachment recites the value of the property attached in a suit thereon, where the execution of the bond is admitted, the defendants are estopped from denying the truth of its recitals.

(Syllabus by the Court.)

*Error from District Court, McClain County; Robinson McMillan, Judge.*

Action by C. G. Anderson against W. G. Blanchard and others. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. W. Hocker,* for plaintiff in error.

*J. F. Sharp,* for defendant in error.

KANE, J.    This was an action on what is styled a forth-coming bond commenced by the defendant in error, plaintiff below, against the plaintiff in error and others, defendants below. The defendants' answer amounted to a general denial, and a special plea that there was no consideration whatsoever for the execution of said bond.    Upon trial before a jury, there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

It seems that the plaintiff instituted an action in the commissioner's court, sitting at Chickasha, to enforce a landlord's lien against Wilkinson and Roebuck, wherein a writ of attachment was issued against certain property of Roebuck.    Afterwards this cause was transferred to the commissioner's court at Purcell by change of venue, whereupon the defendants herein, W. L. Goins, W. G. Blanchard, and J. W. Hocker, executed to the plaintiff a bond as follows, omitting caption and signatures:

"We undertake and are bound to the plaintiff C. G. Anderson in the sum of two hundred and twenty dollars that the defendant Roebuck shall perform the judgment of the court in this action or that the undersigned W. L. Goins will have the crop of corn and cotton, on the farm attached in this action, or its value, one hundred and thirty-two dollars, forthcoming and subject to the order of this court for the satisfaction of such judgment."

Upon the execution of this bond, the property attached was turned over to Goins, who had filed an interplea, claiming to be the owner thereof. Thereafter judgment was rendered in said commissioner's court dismissing the interplea of Goins and in favor of plaintiff against the defendant Roebuck, in the sum of $120, and the attachment previously levied was sustained.    Thereafter an appeal was taken from said judgment and thereafter the appeal was by the judgment of the United States court dismissed, and said cause remanded to the commissioner's court, wherein said judgment remained unsatisfied at the commencement of this suit.    There was issued from said commissioner's court an execu-

tion against the defendant, which was duly returned "no property found," and afterwards demand was made upon each of the defendants to comply with the conditions of the bond sued on herein, which was refused. Upon the trial the plaintiff in the instant case introduced the original judgment rendered in the commissioner's court above referred to and the order dismissing the appeal of Goins, as well as the original order of attachment and return thereon, and the bond sued on, with the return of the constable showing his acts and doings in turning said property over to Goins, and introduced as witnesses the constable and the other officer who levied the attachment, whose testimony tended to establish the levy of the attachment upon certain corn and cotton and the delivery thereof to Goins upon the execution of the forthcoming bond. The defendants introduced no testimony.

Counsel for plaintiff contend: (1) That under the statutes of Arkansas, in force at the time the forthcoming bond was executed, the sole remedy of plaintiff in the original case was to demand that the value of the crops of corn and cotton be assessed by the jury and judgment rendered in that action against the sureties; (2) That the petition does not state a cause of action, because the value of the corn and cotton was not assessed in the original action; (3) That it was error for the court to direct a verdict upon the evidence of plaintiff, for the reason that there was no evidence offered tending to prove the value of the crops attached. Section 327, Mansf. Dig., provides that the sheriff may deliver any attached property to the person in whose possession it was found, upon the execution, in the presence of the sheriff, of a bond to the plaintiff by such person with one or more sufficient sureties to the effect that the obligors are bound, in double the value of the property, that the defendant shall perform the judgment of the court in the action, or that the property or its value shall be forthcoming and subject to the orders of the court for the satisfaction of such judgment. And section 355 provides that if the defendant shall have given bond for the retention of the property attached, as provided by section 327, and the attachment shall be sustained, the court or jury, in addition to finding the amount

of debt or damages due to the plaintiff, shall, upon demand of the plaintiff, assess the value of the property attached, and the court shall, in addition to judgment against the defendant for the amount found due to the plaintiff and costs, render further judgment that in case said property shall not be delivered up to the proper officer to be sold, and said officer shall not be able to make said judgment out of the property of said defendant, execution shall then issue against the property of said sureties for so much of said judgment as shall not exceed the value of said property, which execution shall be enforced as in other cases.

It is obvious that the bond sued upon is not the bond provided for by section 327. That section contemplates the return of the attached property to the person in whose possession it was found, while the bond sued upon provided by its terms for the delivery of the property to Goins, which was done, who was also claimant for it and intervened in the original suit with a view of establishing his ownership. While the bond sued upon is not a statutory bond, we know of no good reason why it should not be enforced as a common-law undertaking. In *Woodward v. Bingham*, 25 Okla. 400, it was held that, "A forthcoming bond in attachment running to the officer will be held good as a common-law bond, though it does not conform to the statute, if it does not contravene public policy or violate the law." We think that, as the undertaking was given upon sufficient consideration and given voluntarily upon the redelivery of the property attached to Mr. Goins, it is valid and enforceable as a common-law bond. Entertaining this view of it, it follows that section 355, *supra,* does not apply, and that an ordinary action at law will lie to enforce liability on the bond.

Upon the second proposition, the bond in controversy recites that the value of the property is $132. As the execution of the bond was not denied in the answer, both its execution and contents are admitted, and the defendants are estopped from denying the recitals contained therein. The original judgment was for $120, or $12 less than the agreed value of the attached property. It is true that with the costs the judgment would be

somewhat in excess of the value of the property as fixed by the terms of the bond, yet the costs and interest are properly charged against the losing party in cases of this kind. In *Norton et al. v. Miller*, 25 Ark. 109, it was held that both the principal and surety on a bond are estopped from denying the truth of its recital. Generally any bond entered into voluntarily for a valid consideration is good at common law if not repugnant to the letter or policy of the law. Plaintiff in error entered into an undertaking to perform certain obligations. This he has not done, and his liability has become fixed. He will not be permitted to urge that the bond he executed was without consideration or that the value of the property was other than that fixed by the bond itself. The judgment of the court below is, accordingly, affirmed.

DUNN, C. J., and TURNER and WILLIAMS, JJ., concur; HAYES, J., not participating.