## BERRY et al. v. WHITE SEWING MACH. CO.

No. 1673. Opinion Filed March 19, 1912.

(122 Pac. 715.)

**ESTOPPEL—Redelivery Bond—Actions—Defenses.** The obligors in a redelivery bond, given in an attachment proceeding, cannot set up as a defense in a suit thereon irregularity of the sheriff in making the levy, inventory, or appraisement, in contradiction of the recitals in the undertaking, where the property was released and restored to the attachment debtor.

(Syllabus by Brewer, C.)

*Error from Washita County Court;*
*L. R. Shean, Judge.*

Action by the White Sewing Machine Company against A. D. Berry and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. J. Knott,* for plaintiffs in error.

*Burnette & Beets,* for defendant in error.

Opinion by BREWER, C. This is a suit on a redelivery or forthcoming bond. It was begun May 7, 1909, in the county court of Washita county by the White Sewing Machine Company, defendant in error, as plaintiff, against A. D. Berry, C. E. Gaunt, and H. F. Rhodes, plaintiffs in error, as defendants below, to recover judgment on a certain redelivery bond. Here-

after we will refer to the parties as they were called in the trial court.

It appears that on June 10, 1908, the plaintiff sued defendant Berry, and caused a writ of attachment to issue. On the 11th of June, 1908, the sheriff levied the writ on a general stock of merchandise belonging to Berry. While the sheriff was waiting for the arrival of appraisers defendant Berry offered to make a retaining or redelivery bond and hold the goods. This was permitted, and the goods returned to Berry upon the execution of the bond sued on, signèd by Berry and his codefendants. The bond is as follows:

"REDELIVERY BOND IN ATTACHMENT PROCEEDING COUNTY COURT.

"State of Oklahoma, Washita County—ss:

"Whereas, in an action pending before J. R. Tolbert, district judge, in the county of Washita and state of Oklahoma, wherein White Sewing Machine Co. is plaintiff and A. D. Berry defendant, an order of attachment was issued by the said district judge and delivered to sheriff of said county; and whereas, in execution of said order of attachment, the said ———— has taken into his possession certain goods and chattels as the personal goods and chattels of the said A. D. Berry, an inventory of which goods and chattels hereto attached, which goods and chattels have been appraised at $525: Now, therefore, we, A. D. Berry, as principal, and C. E. Gaunt and H. F. Rhodes, as sureties, do hereby bind ourselves unto the plaintiff aforesaid in the sum of $1,050, conditioned that the said goods and chattels so taken possession of by the said sheriff in execution of said order of attachment shall be properly kept and taken care of, and that said goods and chattels, or so much thereof as may be required to be sold on execution to satisfy any judgment which may be recovered against the said A. D. Berry in the action aforesaid, shall be delivered to the said officer on demand, or if said described property be not so delivered then that the said security will pay to the plaintiff aforesaid the appraised value of said property, not exceeding the amount of judgment which may be recovered, as aforesaid, and costs of suit. Witness our hands this 11th day of June, A. D. 1908. A. D. Berry. C. E. Gaunt. H. F. Rhodes.

"Taken and approved by me this 11th day of June, A. D. 1908. W. R. Griffin, Sheriff, by M. B. Sellers, Dept."

After the execution, delivery, and approval of the bond, same was returned, with writ of attachment, and filed. The attachment suit proceeded to judgment, and the attachment was sustained, and an order of sale of the attached property, under execution, issued. The property was not delivered to the sheriff for sale. This suit was brought on the bond. The cause was tried to the court, without a jury, after issue joined.

The court made findings of fact, which are summarized as follows: That the original suit in which the bond was given had been duly instituted against Berry, and summons served. That writ of attachment was issued and levied on the general stock of merchandise of Berry. That Berry and his codefendants executed the bond in suit. That the original suit proceeded regularly to judgment against Berry in the sum of $451.74, with $12 costs, to draw ten per cent. interest. That the judgment is still subsisting unsatisfied, and no appeal or other proceedings has been taken to satisfy same. That when this suit was filed there was $488.74 due on said judgment. That execution and order of sale was issued on the judgment, and the sheriff returned the same with the return indorsed that he had made demand on defendants to deliver said property, and the same was refused. That when the attachment was levied Berry was in possession of the stock of merchandise, but in a few days sold practically all of it, and placed the possibility of a return of the goods to the sheriff beyond his control. That after the execution had been returned, not satisfied, the plaintiff made lawful demand on all the defendants for a return of the property, or payment of the judgment, which was refused by each of the defendants. And that no offer or tender of return of any of the property was ever made. That the plaintiff is entitled to judgment against defendant in the 'sum of $514, with interest and costs.

The court concluded as matters of law: First. That the original judgment was valid and subsisting and the basis of this action. Second. That the forthcoming bond sued on was a valid and regular bond, and that by its execution the defendants, and

each of them, are estopped from setting up any defect or irregularity in the levy, or the failure to make inventory and appraisement. Third. That lawful notice of the rendition of the original judgment and demand and notice of liability of defendants had been made.

On this finding of facts and conclusions of law, judgment was awarded against the defendants in the bond.

This case was closely tried, and the record fairly bristles with exceptions saved. We have carefully read the record and the briefs, and it is apparent that all the exceptions and errors urged depend on the one question, *i. e.*, whether the signers of this bond can defend and absolve themselves from liability because there was no inventory and appraisement of the stock levied on, for the release of which the bond was given. If this failure of the sheriff renders the bond void, the judgment was wrong; otherwise it was correct. The reduction of the matter to the question just stated is predicated on the facts as found by the court. The record fully justifies the court's findings, and several other questions raised are thus eliminated.

The statute (Comp. Laws 1909) authorizing this bond is as follows:

"Sec. 5710. The sheriff shall deliver the property attached to the person in whose possession it was found, upon the execution, by such person, in the presence of the sheriff, of an undertaking to the plaintiff, with one or more sufficient sureties, resident in the county, to the effect that the parties to the same are bound, in double the appraised value thereof, that the property, or its appraised value in money, shall be forthcoming to answer the judgment of the court in the action; but if it shall appear to the court that any part of said property has been lost or destroyed by unavoidable accident, the value thereof shall be remitted to the person so bound."

Various questions regarding the liability of the obligors in forthcoming and discharge bonds have been before this court, and passed upon. *Winton v. Meyers*, 8 Okla. 421, 58 Pac. 634; *Lane Imp. Co. v. Lowder & Manning*, 11 Okla. 61, 65 Pac. 926; *Dunn et al. v. Claunch et al.*, 15 Okla. 27, 78 Pac. 388; *Drovers L. S. Com. Co. v. Custer County State Bank*, 19 Okla.

302, 91 Pac. 850; *Moffitt et al. v. Garrett,* 23 Okla. 398, 100 Pac. 533, 32 L. R. A. (N. S.) 401, 138 Am. St. Rep. 818; *Blanchard v. Anderson,* 27 Okla. 732, 113 Pac. 717.

In *Lane Imp. Co. v. Lowder et al., supra,* it is said:

"A judgment sustaining an attachment is conclusive until reversed or vacated and a defendant in an attachment suit cannot, when sued on a forthcoming bond, under which the property was returned to him, avail himself of the fact that the property attached was, at the time it was seized under the order of attachment, exempt; if the question was raised in the attachment suit, the judgment adverse to the attachment debtor is *res judicata,* in a suit on the bond, and, if raised for the first time in an action on the forthcoming bond, it comes too late."

In *Blanchard v. Anderson, supra,* a case arising in Indian Territory, prior to statehood, wherein the question was similar to the one here, the court says:

"Upon the second proposition, the bond in controversy recites that the value of the property is $132. As the execution of the bond was not denied in the answer, both its execution and contents are admitted, and the defendants are estopped from denying the recitals contained therein."

While we are of the opinion that the above decisions of this court sufficiently show that the obligors in a redelivery bond cannot set up in a suit thereon irregularity of the sheriff in making the levy, inventory, or appraisement, in contradiction of the recitals in the undertaking, where the property was released and restored to the attachment debtor, yet, if there is any question as to whether, in fact, they do go as far as stated, we find the rule stated above is in harmony with the weight of authority, and cite a few of the cases in point:

Ordinarily the obligors in a forthcoming or discharge bond are concluded by the recitals made in the undertaking. 4 Cyc. 701.

In the case of *New Haven Lbr. Co. v. Raymond,* 76 Iowa, 225, 40 N. W. 820, which was a suit on a redelivery bond in attachment, after disposing of other objections, it is said:

"Other objections are made to the proceeding by the sheriff in making the levy, which are without merit. They were all waived by giving the bond."

In the case of *Crisman v. Matthews,* 1 Scam. (Ill.) 148, 26 Am. Dec. 417, discussing the question, it is said:

"On the second point, I am clearly of opinion that the defendant was estopped from denying the admissions made in the condition of the bond, or of controverting their existence. The bond recites the issuing of the attachment, and its coming into the hands of the sheriff; that it was duly levied on the property of Mordecai, and covenants to restore it, to answer such judgment as the circuit court might render against Mordecai. Can it be, after the admission of the defendants of these facts, verified by the most solemn legal forms known to the law, that they shall be permitted to deny them, and seek to avoid their force and effect by a resort to some informal or insufficient acts of the sheriff in the manner of the levy or the return of the process?"

The court holds that the sureties were estopped.

In California:

"The recitals in an undertaking, given to procure the release of property attached under a writ of attachment, are conclusive against the obligor therein, whether the undertaking is a statutory or common-law bond."

*Bailey v. Aetna Indem. Co.,* 5 Cal. App. 740, 91 Pac. 416; Shinn on Attachment, vol. 1, p. 551; *Pearre v. Folb et al.,* 123 N. C. 239, 31 S. E. 475; *Klippel v. Orpenstien,* 8 Colo. App. 187, 45 Pac. 224; *McCormick v. National Surety Co.,* 134 Cal. 510, 66 Pac. 741.

There is one further objection raised by defendants: That the court erred in overruling their motion to dismiss the action, on the ground that the original judgment in the attachment suit had not become final, because a motion was pending in that case to reform the judgment. The record fails to sustain this contention. The judgment offered in evidence purports to be final; an execution and order of sale were issued on it and returned *nulla bona.* The record fails to show an exception to or appeal from the original judgment. The only reference in the testimony to such a matter was the statement of the clerk of the court, who, on cross-examination, stated that, on January 27, 1909, after the judgment in October, 1908, and after execution and order of sale returned, "a motion was filed to make more definite."

This is all the light thrown on the matter, and it is to be presumed that if there was anything in the point defendant would have shown it; besides, it is waived in the brief, under the rules of this court. We mention it only to save defendants the trouble of calling our attention to it in a motion for rehearing.

The judgment should be, in all things, affirmed.

By the Court: It is so ordered.