## BENTLEY & OLMSTEAD CO. v. PECK et al.

No. 7077—Opinion Filed July 31, 1917.

(166 Pac. 880.)

(Syllabus by the Court.)

**Justices of the Peace—Attachment—Actions —Forthcoming Bond.**

In an action to recover on a forthcoming bond executed pursuant to section 5371, Rev. Laws 1910, for release of property attached on an order of a justice of the peace, it is necessary to allege in the petition that the attached property was upon the execution of the undertaking delivered to the person in whose possession it was found.

Error from County Court, Ottawa County; Vern E. Thompson, Judge.

Action by Bentley & Olmstead Company, a corporation, against J. A. Peck and others.

There was a judgment for the latter, and the former brings error. Affirmed.

John J. Hubbard, for plaintiff in error.

A. C. Towne, for defendants in error.

MILEY, J. This was an action on a bond given under section 5371, Rev. Laws 1910, for release of property seized under attachment order issued by a justice of the peace. The plaintiff in error was the obligee on the bond, and the defendants in error the principals and sureties thereon. A demurrer was sustained to the petition, and, plaintiff in error declining to amend, judgment was rendered upon the demurrer in favor of defendants in error.

There was no allegation in the petition that upon the execution of the bond the property attached was returned to the person in whose possession it was found. We are of the opinion that for this reason the petition failed to state a cause of action, and that it was not error to sustain the demurrer thereto. Drovers' Live Stock Commission Co. v. Custer Co. State Bank et al., 19 Okla. 302, 91 Pac. 850.

The judgment is affirmed.

All the Justices concur.