## C. I. T. CORPORATION v. SAUTBINE.

No. 26252.    March 3, 1936.

Rehearing Denied May 5, 1936.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Stuart, Bell & Ledbetter, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in an action on a redelivery bond in replevin. The plaintiff's petition filed July 5, 1934, alleges that on March 3, 1930, it filed a replevin action against J. H. Morgan, Walter Moore, Western Motor Company, a corporation, and C. D. Sautbine in the district court of Oklahoma county to recover possession of a certain automobile; that it executed a replevin bond; that thereafter the sheriff took possession of the automobile; that a redelivery bond was posted by the defendants in the replevin action with Lyn R. Sautbine and Willis Sautbine as sureties; that it filed objections to the sufficiency of said bond, and thereupon the defendant in this action executed a certain redelivery bond as additional surety. A copy of said redelivery bond attached to the petition discloses that the defendant herein, Nora B. Sautbine, did not sign the bond in the usual place for a surety's signature, but did sign the jurat attached to the bond, reciting that she was one of the sureties on the foregoing bond and was the owner of certain property described therein. Her signature to the jurat was notarized. The plaintiff further alleges that in reliance on her signa-

ture on said jurat the automobile was redelivered to the defendant in the replevin action; that on the 23rd day of January, 1934, this court affirmed judgment in favor of the plaintiff against the defendants in the replevin action for $2,800 with interest at 6 per cent. per annum from May 20, 1930; that the execution against the sureties on the supersedeas bond was returned nulla bona, and that the plaintiff is entitled to judgment against the defendant on the redelivery bond.

By verified answer the defendant denied that she signed the redelivery bond. The undersheriff of Oklahoma county testified that the redelivery bond approved by him on March 6, 1930, bore the signatures of the Western Motor Company, C. D. Sautbine, Lyn R. Sautbine, and Willis Sautbine; that objections to the bond were filed, and he notified the defendants thereof, and that thereafter the bond was returned to his office with the justification of Nora B. Sautbine thereon, and the automobile was returned to the defendant.

One of the attorneys for the plaintiff testified that upon the filing of the redelivery bond, he checked the property listed on the justification of the sureties, and found that the property scheduled by Willis G. Sautbine was in the name of Nora B. Sautbine; that he then filed his objections to the bond and talked to Willis G. Sautbine, who told him he would have Nora B. Sautbine sign the bond; that he was later informed by the sheriff that Nora B. Sautbine had signed the bond.

The defendant admitted that she signed the justification at the request of her son, C. D. Sautbine. Defendant further testified that she was not told what the instrument was; did not read it, and that at the time she signed the justification there were no other papers attached thereto.

From the foregoing it is apparent there is very little, if any, conflict in the evidence. This appeal involves the determination of a single question, Is one who signs a justification reciting that she is surety on the foregoing bond, but does not sign in the usual place, liable to the obligee on said bond?

The briefs of neither party are of any great assistance, both failing to support their respective contentions by sufficient pertinent authorities. First, there can be no question but that if the defendant had signed the bond in the usual place, as well as the justification, she would be liable

thereon were there no other defenses interposed. Southwestern Surety Ins. Co. v. King, 68 Okla. 100, 172 P. 74, L. R. A. 1918D, 1188.

We are of the opinion that a person signing a surety justification, reciting that he or she is one of the sureties on the foregoing bond, is estopped to later assert that he or she is not a surety and under no obligation as such, and therefore the judgment of the lower court must be reversed.

We are not unmindful of the fact that the uncontradicted testimony in this case is to the effect that the defendant did not read what she signed and that the principal portion of the bond was not attached to the jurat when she signed it. The defendant, however, admits that she should have read it. There were no allegations or proof of fraud, duress, undue influence or mistake, and under the facts the plaintiff could not have been charged with practicing any of the foregoing on this defendant.

If one has the opportunity to read an instrument, it is no defense to assert that he did not read it. J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 P. 1030:

" 'A person signing an instrument is presumed to know its contents, and one in possession of his faculties, and able to read, and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its legal liability for the reason that at the time false representations were made to the effect that the writing contained the verbal understanding of the parties.' * * *

"As a general rule, the law will not permit one to profit by his own fraud. Nor does it go to the length of giving indemnity against the consequences of indolence, want of prudence, or an indifference to the ordinary and accessible means of information.

"To follow the rule announced in Richardson Machinery Co. v. Duncan, supra [46 Okla. 21, 148 P. 80], would not only impair and lessen the protection intended to be given by written contracts, and permit crafty and unscrupulous persons to avoid the terms of their written contracts, but would, no doubt, create endless litigation."

It is immaterial that the defendant did not read what she signed, or that the jurat was not attached to the principal portion of the bond. Under the law her signature on an instrument is sufficient to bind her in the absence of fraud, duress, undue influence or mistake practiced by the plaintiff upon her. Had she read the instrument she signed, she would in all probability have made further inquiry resulting in a full

disclosure of her legal relationship to the plaintiff herein. Her negligence alone is responsible for the position in which she now finds herself, accepting her statement as to circumstances surrounding the signing of the jurat as true. The defendant's execution of the justification resulted in property involved in replevin action being released by the sheriff to the principals on the redelivery bond, and we hold that this defendant is now estopped to assert nonliability. We further hold that the signature on the justification is sufficient to hold the signer as obligee on the bond.

The Supreme Court of the state of Kansas held a bond executed in the same manner sufficient in the case of Elliott v. Bellevue Gas & Oil Co. (Kan.) 107 P. 794:

"E. M. and M. L. Elliott obtained a judgment before a justice of the peace against the Bellevue Gas & Oil Company. In order to appeal therefrom, the company filed with the justice an instrument in the usual form of an undertaking for that purpose, signed by itself. Two lines under its signature, manifestly intended to indicate the place where the sureties were to sign, were left blank. Indorsed upon the paper, however, was an affidavit signed by C. R. Walterhouse and J. N. Carr, and sworn to by them before the justice, reading as follows: 'We, the undersigned, sureties on the within undertaking, do solemnly swear that we are residents of said county and state, and that we are each worth $1,200 over and above all exemptions, debts and liabilities.' The justice approved the bond and transmitted the case to the district court. There the plaintiffs moved to dismiss the appeal on the ground that the bond was insufficient to confer jurisdiction, because it was not signed by any surety. Pending the decision of the motion, the defendant asked leave to amend by having Walterhouse and Carr sign their names in the blank spaces referred to. Leave to amend was denied, and the motion to dismiss was sustained. The defendant appeals. * * *

"Here, however, the bond does not in fact lack the signatures of the sureties. At least in the absence of a statute requiring a signature to be 'subscribed' to an instrument, it is immaterial to what part of it signers attach their autographs, so long as by such act they signify their consent to be bound by its terms. 'While the proper place for the signature of the obligors is at the foot of the agreement, yet independent of any statutory requirement the manner and form of the signature is immaterial, provided it is made by the surety for the purpose and with the intention of binding himself.' 5 Cyc. 735. 'The manner or form in which an obligor signs is immaterial, provided he signs for the purpose of binding himself.' 4 A. & E. Encycl. of L. 621.

"Walterhouse and Carr did not write their names immediately under that of the judgment defendant; but in another place on the same paper they signed a statement describing themselves as sureties on the bond. In attaching their signatures to this writing, they must be deemed to have intended the execution of the bond, since they thereby acknowledged themselves to be bound by its terms. No other rational interpretation can be placed upon their act. For the sake of greater formality, the sureties might properly be permitted to affix their signatures in the space left for that purpose; but in its present form the bond is sufficient to perfect the appeal and to confer jurisdiction on the district court."

On two different occasions the Supreme Court of Louisiana has adopted the same view. In the case of Iowa Cord Tire Co. v. Cheape (La.) 111 So. 333, the court said:

"The defendant, W. B. Hamilton, has filed a motion to dismiss the appeal in this case on the ground that the appeal bond is not signed by any surety.

"S. M. Cook is named as surety in the appeal bond, and although the bond is not signed by him as surety, yet there is an affidavit made by Mr. Cook and annexed to the bond in which it is declared that he is surety thereon, and 'that he is worth over and above all his debts and obligations, in assets that can be subjected to levy under execution, the amount for which he has bound himself in said bond.'

"This is a sufficient acknowledgment that S. M. Cook is surety on the bond, although he did not actually sign the same; the omission being manifestly a mere oversight. * * * The motion to dismiss the appeal is therefore denied."

The decision in the above case was followed by the same court in Smith v. Phillips, 168 La. 406, 122 So. 126.

The trial court rendered judgment against the plaintiff because it believed the case of Duree v. State, 107 Okla. 252, 231 P. 292, to be analogous, and that the decision of this court therein supported the defense. An examination of that opinion reveals a most cursory consideration of the question involved herein.

Apparently an estoppel was not relied upon by the obligee, the state, and because the surety testified that he intentionally withheld his name from the foot of the bond, the case was distinguished on the ground that the evidence failed to show a mistake,

from the better considered opinion of this court in the case of Craig v. Spencer, 56 Okla. 259, 156 P. 172. In this earlier case, the trial court found from the evidence that a surety who had signed the jurat, but not the body of the bond, intended to sign the bond and be bound thereby, and this court held that the placing of the surety's name on the jurat rather than at the end of the bond was a mere technical error, saying:

"The defendant actually agreed to become responsible for the judgment, and by placing his signature on the bond, although at the particular place provided for signing the qualification affidavit, he intended by such act to obligate himself to comply with the terms and conditions of the bond. The placing of his name at the particular place was simply a clerical error. The defendant made no mistake in his intention to become liable on the bond, but the mistake occurred in the mechanical act of placing his name in the wrong place on the same paper on which the bond was written."

Under the facts in this case, the decision was in all respects proper, but we base the decision in the case at bar on an equitable estoppel and hold the defendant liable because having signed the justification reciting that she was one of the sureties on the foregoing bond, she is estopped to deny the truth of that recital.

Estoppel to deny recitals in bonds has often been applied as to sureties, and we believe that the rule operates with equal force as to recitals in the justification which is part and parcel of the bond. 21 C. J. 1211:

"It is a rule of very general application that, where a bond has accomplished the purpose for which it was given, or the principal has derived benefit from it, both the principal and sureties are estopped to deny liability on any ground whatever."

Berry v. White Sewing Machine Co., 32 Okla. 446, 122 P. 715:

"The obligor in redelivery bond, given in attachment proceeding, cannot set up as a defense in a suit thereon irregularity of the sheriff in making the levy, inventory, or appraisement, in contradiction of the recitals in the undertaking, where the property was released and restored to the attachment debtor."

Blanchard v. Anderson, 27 Okla. 732, 113 P. 717:

"Where a forthcoming bond in attachment recites the value of the property attached in a suit thereon, where the execution of the bond is admitted, the defendants are estopped from denying the truth of its recitals."

Williams v. Edwards, 163 Okla. 246, 22 P. (2d) 1026:

"The principal and sureties on an appeal or supersedeas bond are bound by the recital of facts in the bond, and, where the bond recites that a money judgment for a certain amount, stating the amount, was rendered in the action and the bond is conditioned to supersede such judgment as a money judgment for that amount, the obligors on such bond are estopped to deny the existence or amount of such judgment even though the recital therein incorrectly describes the judgment, provided, however, that the obligees on such bond are limited in their recovery on the bond to the amount which they would have been able to recover had the recital been correct and the conditions of the bond stated in proper terms."

The judgment of the lower court is therefore reversed and that court is directed to enter judgment for the plaintiff and against the defendant for the amount sued for in the plaintiff's petition.

The Supreme Court acknowledges the aid of Attorneys Mrs. E. M. Calkin, Mr. Phil W. Davis, and Mr. James W. Cosgrove in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mrs. Calkins and approved by Mr. Davis and Mr. Cosgrove, this opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, the opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.